RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 07a0278p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 06-1896

BLAKE WILMS,

*Defendant-Appellant.*

>

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 05-80463—Nancy G. Edmunds, District Judge.

Argued: July 18, 2007

Decided and Filed: July 23, 2007

Before: MOORE and GILMAN, Circuit Judges; FORESTER, District Judge.[*]

---

## COUNSEL

**ARGUED:** Mark J. Kriger, LaRENE & KRIGER, Detroit, Michigan, for Appellant. Frances Lee Carlson, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Mark J. Kriger, N.C. Deday LaRene, LaRENE & KRIGER, Detroit, Michigan, for Appellant. Frances Lee Carlson, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

---

## OPINION

---

KAREN NELSON MOORE, Circuit Judge. Defendant-Appellant Blake Wilms ("Wilms") appeals his sentence of sixty-three months in prison following his plea of guilty to four counts of bank robbery and one count of attempted bank robbery. Wilms argues that the district court improperly applied a presumption of reasonableness to the applicable Guidelines range, thereby failing to consider properly the sentencing factors set forth in 18 U.S.C. § 3553(a). Because the record indicates that the district court applied a rebuttable presumption that Wilms should be sentenced within the applicable Guidelines range, we **VACATE** Wilms's sentence and **REMAND** the case for resentencing.

---

[*] The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

# I. BACKGROUND

On October 22, 2004, Blake Wilms entered the Clarkston Bank in Clarkston, Michigan, walkie-talkie in hand, and falsely informed a teller that he had planted a bomb in the attached grocery store and could detonate it remotely. Wilms demanded that the teller fill a grocery bag with all $100, $50, and $20 bills available. The teller complied, and Wilms left the bank with $35,650 in cash. Wilms repeated essentially the same conduct twice more, taking $71,420 from a Fifth Third Bank in Rochester Hills, Michigan, on November 19, 2004, and $15,000 from a Fifth Third Bank in White Lake Township, Michigan, on December 10, 2004.

Wilms entered two more banks on December 14, 2004. First, Wilms took $4,650 from a Huntington Bank in Rochester, Michigan, repeating the same general conduct as before, but using a note instead of verbally communicating his threats. Later that day, Wilms used the same note to demand money from a Comerica Bank in Birmingham, Michigan. A bank employee activated a silent alarm, however, and the Birmingham police responded. Wilms was arrested at the Comerica Bank and taken into custody.

That same day, Wilms confessed to police to robbing the Clarkston Bank, the two Fifth Third Banks, and the Huntington Bank. He was released on bond, and on September 8, 2005, he pleaded guilty, without the benefit of a plea agreement, to an information charging him with four counts of bank robbery and one count of attempted bank robbery, all in violation of 18 U.S.C. § 2113(a). The case proceeded to sentencing.

In his sentencing memorandum submitted to the district court and during a sentencing hearing spread out over two days, Wilms emphasized that he had accepted responsibility for his conduct, that he suffered from a gambling addiction, and that he had made great rehabilitative efforts in the time between the bank robberies and sentencing. Wilms introduced as evidence in support a report detailing his treatment for his gambling addiction, letters from Wilms's family, friends, and colleagues in Gamblers Anonymous, and psychological evaluations and testimony. Wilms argued that a sentence of twelve to eighteen months in prison followed by a lengthy term of supervised release, as recommended by the evaluating psychologists, would be sufficient "under the particular and unusual circumstances of the case at bar - a genuinely remorseful offender, whose criminal conduct arose directly out of an addiction disorder which he is struggling manfully (and, by all reports, successfully) to overcome, and whose prospects for recovery would, if anything, be hampered by an unduly lengthy prison sentence - . . . and would not unduly depreciate the admitted seriousness of Mr. Wilms's offenses." Joint Appendix ("J.A.") at 35-36 (Sentencing Mem. at 11-12). The government argued that "[t]here simply is nothing unusual about this case" and urged the district court to sentence Wilms within the applicable Guidelines range of seventy-eight to ninety-seven months in prison. J.A. at 82 (Resp. to Sentencing Mem. at 8). Notably, the government repeatedly emphasized to the district court that the Guidelines range carried a rebuttable presumption of reasonableness and argued that Wilms's "addiction and rehabilitation efforts simply do not rebut the presumption." *Id.*; *see also* J.A. at 184 (6/13/06 Sentencing Hr'g at 8).

In its sentencing decision, the district court first noted that "the guidelines are presumptively reasonable under the current Sixth Circuit law." J.A. at 190 (6/13/06 Sentencing Hr'g at 14). The district court recited the relevant sentencing factors under 18 U.S.C. § 3553 and detailed the calculation of the applicable Guidelines range of seventy-eight to ninety-seven months in prison. The district court then reasoned:

> But it doesn't seem to me that given the state of the law and the need to avoid unwarranted disparities that there is really much room, if any, to overcome the presumption of reasonableness with respect to the sentencing guidelines in this case, and I guess the only room that I see is that it was happenstance that there was more

money taken than is usually taken in a bank robbery, and you might on that basis drop the total offense level from 31 to 29 which would then bring it down to, if we take the three levels off for acceptance of responsibility, 63 to 78 months.

And that is really all that I am prepared to do with respect to this matter, and the only reason I'm will[ing] to do that is in recognition of the strides that Mr. Wilms has made toward his rehabilitation, which are very significant, and what seems to be more the extent of the amount of money taken.

J.A. at 192 (6/13/06 Sentencing Hr'g at 16). The district court sentenced Wilms to sixty-three months in prison, a three-year term of supervised release, and a $500 special assessment, and ordered restitution of the full amount of money stolen. Wilms timely appealed.

## II. ANALYSIS

Wilms argues that his sentence should be vacated because the district court's determination was procedurally unreasonable.

### A. Standard of Review

On appeal, we must determine whether a district court's sentencing determination was reasonable. *Rita v. United States*, --- U.S. ---, 127 S. Ct. 2456, 2459 (2007); *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), *cert. denied*, --- U.S. ---, 126 S. Ct. 1110 (2006). The Supreme Court's recent decision in *Rita v. United States* reinforces our prior determination that reasonableness has a procedural component—that is, that when reviewing a sentence for reasonableness, we consider "not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *Webb*, 403 F.3d at 383. Emphasizing that "[j]udicial decisions are reasoned decisions," *Rita* exhorts the sentencing judge to satisfy the procedural requirement of "set[ting] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita*, 127 S. Ct. at 2468. The amount of reasoning required varies according to context. *Rita* indicates that when a sentencing judge independently concurs with the Sentencing Commission's conclusion that a within-Guidelines sentence is appropriate for a given defendant, the explanation for the sentence generally need not be lengthy. *Id.* "Whe[n] the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments." *Id.*

### B. The District Court's Sentencing Determination

Wilms argues that the district court's sentencing determination was procedurally unreasonable because the district court accorded a presumption of reasonableness to the applicable Guidelines range.

#### 1. The Presumption of Reasonableness on Appeal

Like many of our sister circuits, we have chosen for appellate-review purposes to credit a within-Guidelines sentence with a rebuttable presumption of substantive reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), *cert. denied*, --- U.S. ---, --- S. Ct. ----, 75 U.S.L.W. 3707 (U.S. June 29, 2007) (No. 06-5275). In *Rita*, however, the Supreme Court clarified that any "presumption" of substantive reasonableness is not a "presumption" as generally defined. *Rita*, 127 S. Ct. at 2463. *Black's Law Dictionary* states: "Most presumptions are rules of evidence calling for a certain result in a given case unless the adversely affected party overcomes it with other evidence. A presumption shifts the burden of production or persuasion to the opposing party, who can then attempt to overcome the presumption." BLACK'S LAW DICTIONARY 1203 (Brian A. Garner,

ed., 7th ed. 1999); *see also id.* at 1205 (defining "rebuttable presumption" as "[a]n inference drawn from certain facts that establish a prima facie case, which may be overcome by the introduction of contrary evidence").

The *Rita* Court, however, noted that the presumption of reasonableness "is not binding. It does not, like a trial-related evidentiary presumption, insist that one side, or the other, shoulder a particular burden of persuasion or proof lest they lose their case." *Rita*, 127 S. Ct. at 2463. The presumption also does not "reflect strong judicial deference of the kind that leads appeals courts to grant greater factfinding leeway to an expert agency than to a district judge." *Id.* Instead, the Court explained, the presumption of reasonableness merely "reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case." *Id.* "[T]he courts of appeals' 'reasonableness' presumption, rather than having independent legal effect, simply recognizes the real-world circumstance that when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable." *Id.* at 2465.

### 2. The District Court's Presumption of Reasonableness

Although we review a district court's sentencing determination for reasonableness, we have explained:

> [A] district court's job is not to impose a "reasonable" sentence. Rather, a district court's mandate is to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of section 3553(a)(2). Reasonableness is the *appellate* standard of review in judging whether a district court has accomplished its task.

*United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006); *accord Rita*, 127 S. Ct. at 2465 ("We repeat that the presumption before us is an *appellate* court presumption."). At the same time, the mere fact that the district court utters the word "reasonableness" or recognizes that we apply a presumption of reasonableness on appeal does not render its sentencing determination procedurally unreasonable. *See United States v. Davis*, 458 F.3d 505, 511 (6th Cir. 2006) ("[T]he district court's reference to a reasonableness standard does not render [the defendant's] sentence unreasonable in the face of the district court's satisfaction of the post-*Booker* sentencing mandates."); *United States v. Cage*, 458 F.3d 537, 541 (6th Cir. 2006) ("We decline to conclude that by using the term 'reasonable' or by acknowledging that the appellate court will apply a rebuttable presumption of reasonableness to a sentence, the district court is itself applying that presumption.").

In this case, however, the district court went a step further, requiring the arguments presented to "overcome the presumption of reasonableness with respect to the sentencing guidelines in this case."[1] J.A. at 192 (6/13/06 Sentencing Hr'g at 16). Wilms was ultimately sentenced below the applicable Guidelines range, but the district court's application of a rebuttable presumption that Wilms should be sentenced within the Guidelines range requires us to vacate his sentence. If there was any question under our prior caselaw whether such reasoning renders a district court's

---

[1] It appears to us that the district court otherwise took the relevant § 3553(a) factors into account, and it is possible that the district court simply misspoke, stating that a rebuttable presumption applies but not actually applying a presumption that Wilms should be sentenced within the applicable Guidelines range. However, in light of the *Rita* Court's clear admonition that a district court may not apply a presumption that a defendant should be sentenced within the applicable Guidelines range, *see Rita*, 127 S. Ct. at 2465, and recognizing that the government repeatedly urged the district court to do just that in this case, we cannot ignore the district court's statements suggesting that it might have applied such a presumption.

sentencing determination unreasonable,[2] there is no question after *Rita*. In no uncertain terms, the *Rita* Court instructed that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita*, 127 S. Ct. at 2465. Moreover, even when reviewing a sentencing determination on appeal, we recognize that the presumption of reasonableness "does not, like a trial-related evidentiary presumption, insist that one side, or the other, shoulder a particular burden of persuasion or proof lest they lose their case." *Id.* at 2463.

Permitting the district court to apply a presumption of reasonableness to the applicable Guidelines range would also conflict with the core reasoning of *Rita*. In permitting the courts of appeals to apply a presumption of reasonableness to a within-Guidelines sentence, the *Rita* Court relied on "the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case." *Id.*; *see also id.* at 2465 ("[T]he courts of appeals' 'reasonableness' presumption, rather than having independent legal effect, simply recognizes the real-world circumstance that when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable."). If the sentencing judge *presumes* that the defendant should be sentenced within the applicable Guidelines range, however, it renders meaningless the fact that both the sentencing judge and the Sentencing Commission reached the same conclusion, as such a result would be preordained. Only when a sentencing judge makes an *independent* determination of what sentence is sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)—taking into account the advisory Guidelines range, the relevant § 3553(a) factors, and any other nonfrivolous arguments presented in support of a particular sentence—can the appellate presumption of reasonableness permitted by *Rita* be more than a return to the pre-*Booker* mandatory-Guidelines regime. Because the district court in this case applied a rebuttable presumption that Wilms should be sentenced within the applicable Guidelines range, we must vacate his sentence.

## III. CONCLUSION

Because the district court applied a rebuttable presumption that Wilms should be sentenced within the applicable Guidelines range, we **VACATE** Wilms's sentence and **REMAND** the case for resentencing consistent with this opinion.

---

[2] In *Williams*, for example, we stated: "Williams argues . . . that the district court improperly presumed the Guidelines range to be reasonable. Assuming we agree with Williams's interpretation, we nonetheless discern no error in light of our holding above [adopting an appellate presumption of reasonableness]." *Williams*, 436 F.3d at 708. To the extent that *Williams* suggests that a *sentencing* court may presume that a defendant should be sentenced within the applicable Guidelines range, *Williams* has been abrogated by *Rita*, as explained here.