NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0813n.06
Filed: November 21, 2007

No. 06-1866

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| JERMAINE ANTHONY MCGHEE, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |

BEFORE: BOGGS, Chief Judge; NORRIS and COOK, Circuit Judges.

ALAN E. NORRIS, Circuit Judge.   Defendant Jermaine McGhee contests the validity of the sentence imposed by the district court in the wake of his conviction on two counts of drug trafficking and one count of being a felon in possession of a firearm.  In a prior opinion, we affirmed the conviction but vacated the sentence for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005).  *United States v. McGhee*, 161 Fed. Appx. 441 (6th Cir. 2005).  On remand, the district court imposed its original sentence of 120 months of incarceration for the drug-trafficking counts to be followed by a consecutive sentence of 48 months for the firearms conviction. Defendant now appeals.

In his first assignment of error, defendant contends that his Fifth Amendment right to due process was violated because the district court relied in part upon factors found by a preponderance of the evidence rather than beyond a reasonable doubt in calculating the sentence.  We review

constitutional challenges to a sentence *de novo*. *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006) (citing *United States v. Beverly*, 369 F.3d 516, 536 (6th Cir. 2004)). This particular challenge has been rejected by this court. *Id.* (citing *United States v. Coffee*, 434 F.3d 887, 897-98 (6th Cir. 2006)) (stating no Fifth Amendment violation when a sentencing court uses a preponderance of the evidence standard). Our local rules prohibit a subsequent panel from overruling a published opinion of a previous panel. 6th Cir. R. 206(c); *see also United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996) (noting that a panel's published decision is binding on subsequent panels unless an "inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision") (quoting *Salmi v. Sec'y of Health and Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)). In his reply brief to this court, defendant acknowledges *Gates* and indicates that he presses his challenge in order to preserve it for subsequent review. He is free to do so, of course. This panel is bound by *Gates*, however, and defendant's Fifth Amendment argument is therefore rejected.

The second assignment of error takes issue with this court's practice of according a rebuttable presumption of reasonableness to sentences imposed within the range suggested by the now-advisory Guidelines. *See United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006) ("We now join several sister circuits in crediting sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness."). The Supreme Court has subsequently clarified the extent to which appellate courts may apply a presumption of reasonableness. *Rita v. United States*, 127 S.Ct. 2456, 2462-63 (2007). In *United States v. Wilms*, we explained the meaning of *Rita* in these terms:

> The *Rita* Court . . . noted that the presumption of reasonableness "is not binding. It does not, like a trial-related evidentiary presumption, insist that one side, or the other, shoulder a particular burden of persuasion or proof lest they lose their case." *Rita*, 127 S.Ct. at 2463. The presumption also does not "reflect strong judicial deference of the kind that leads appeals courts to grant greater factfinding leeway to an expert agency than to a district judge." *Id.* Instead, the Court explained, the presumption of reasonableness merely "reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case." *Id.* "[T]he courts of appeals' 'reasonableness' presumption, rather than having independent legal effect, simply recognizes the real-world circumstance that when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable." *Id.* at 2465.

495 F.3d 277, 280-81 (6th Cir. 2007). At re-sentencing, the district court observed that a 120-month term of incarceration represented a "reasonable sentence taking into consideration the seriousness of this offense; the history and characteristics of this defendant; the likelihood, but not great likelihood, of recidivism; and the public's need for protection." In short, the district court concluded that the sentence was reasonable after considering both the Guidelines and the factors outlined in 18 U.S.C. § 3553(a). Under these circumstances, there is nothing in either *Rita* or *Wilms* that precludes us from applying a rebuttable presumption of reasonableness to that decision.

Not only does the defendant challenge the presumption of reasonableness, he contends that the district court's sentence was, in fact, unreasonable. We disagree. Defendant was sentenced at the low end of his Guidelines range and, as already mentioned, the district court took into consideration the objectives of § 3553(a) before reaching a judgment.

As his fourth and final assignment of error, the defendant contends that the district court erred when it sentenced him as a career offender based upon prior convictions. Because we

considered and rejected his argument in our prior opinion, *McGhee*, 161 Fed. Appx. at 449, we

decline to revisit it here.

The judgment is **affirmed**.