IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2008

Charles R. Fulbruge III
Clerk

No. 06-41720

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CLINTON JEROME RICHARDSON

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-193-ALL

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Clinton Jerome Richardson appeals his sentence for possession with intent to distribute more than 50 kilograms of marijuana. Richardson was sentenced within a properly-calculated range under the United States Sentencing Guidelines. Richardson argues that the district court erred by applying a presumption of reasonableness to the Guidelines range and required him to overcome this presumption contrary to Rita v. United States, 127 S. Ct. 2456, 2462 (2007). Richardson argues that because the district court applied this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presumption, it failed to give sufficient weight to the sentencing factors of 18 U.S.C. § 3553(a).

We review a district court's sentencing decision for reasonableness. Gall v. United States, 128 S. Ct. 586, 594 (2007); Kimbrough v. United States, 128 S. Ct. 558, 564 (2007) (citing United States v. Booker, 543 U.S. 220, 244 (2005)); Rita, 127 S. Ct. at 2459. We review for procedural error under a mixed de novo/clear error[1] standard and review the substantive reasonableness of procedurally-sound sentences imposed inside or outside the Guidelines range under an abuse of discretion standard. Gall, 128 S. Ct. at 591.

In determining whether there was procedural error in sentencing we ask, among other things, whether the district court correctly calculated the "applicable Guidelines range," and whether the court considered all of the § 3553(a) factors "to determine whether they support the sentence requested by a party." Gall, 128 S. Ct. at 596. In considering the § 3553(a) factors, the sentencing court, as Richardson argues, "does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." Rita, 127 S. Ct. at 2465; see also Gall, 128 S. Ct. at 596-97 (in considering the factors, the district court "may not presume that the Guidelines range is reasonable").

We review the "substantive reasonableness of the sentence" for abuse of discretion. Where, as here, the sentence falls within a properly-calculated Guidelines range, this court has held that the sentence should be afforded a rebuttable presumption of reasonableness on appeal. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). The Supreme Court has affirmed the use of this presumption. Gall, 128 S. Ct. at 597 (citing Rita) ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness."); Rita, 127 S. Ct. at 2462 (concluding that an

---

[1] Specifically, we review the courts's interpretation or application of the Guidelines de novo, and its factual findings for clear error. See United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008).

appellate court "may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines").

Richardson urges that the sentence imposed was procedurally flawed because the district court applied a presumption of reasonableness to the applicable Guidelines range and failed to give sufficient weight to the sentencing factors of 18 U.S.C. § 3553(a). In rejecting Richardson's request for a below-Guidelines sentence, the district court did not require Richardson to overcome a presumption that the Guidelines range should apply or that the Guidelines range was reasonable. Unlike in the Sixth Circuit case of United States v. Wilms cited by Richardson, where the sentencing court stated that "'the guidelines are presumptively reasonable,'" 495 F.3d 277, 279 (6th Cir. 2007), the district court did not indicate any such presumption in its decision. When Richardson's attorney asked the court for a variance from the Guidelines or from the Guidelines range, citing to Richardson's family support obligations, his education, and his work ethic, the judge considered these factors but stated, "there's other considerations" such as "the societal problem of trying to deter drug trafficking. The fairness and equality of how others are treated, consistency in treating people, deterrence, et cetera . . . ." Nor did the court, in considering the consistency of sentencing, treat the Guidelines as mandatory in violation of Booker or the more recent holdings of Kimbrough;[2] rather, it properly considered consistency as one of the factors. See Kimbrough, 128 S. Ct. at 574 (addressing a Booker question of whether the crack/powder sentencing ratios are mandatory in light of the "need to avoid unwarranted disparities" in sentencing, and holding that they are not mandatory). Finally, the judge's statement that "[w]e have to have a pretty unusual reason to – to vary from the safety valve. And all the stuff you're talking about is kind of routine" does not indicate that he presumed the Guidelines to be reasonable. Nor does this statement show

---

[2] Although Kimbrough generally applies to sentencing cases involving crack or cocaine, Richardson argues that its principles are relevant here.

3

that the judge believed that a deviation from the Guidelines would be justified only in "extraordinary circumstances." See Gall, 128 S. Ct. at 591.

The judge's statements during the sentencing hearing also reflected consideration of the § 3553(a) factors. 18 U.S.C. § 3553(a) describes seven factors to be considered by the sentencing judge:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed . . .
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established . . .
> (5) any pertinent policy statement--
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

In imposing Richardson's sentence, the court considered and gave sufficient weight to these factors.[3] Richardson has not shown any procedural flaw in his sentencing and also has not overcome the presumption of reasonableness that applies to his sentence on appeal. See Alonzo, 435 F.3d at 554.

The judgment of the district court is AFFIRMED.

---

[3] The judge stated, for example, "And you . . . came up to the checkpoint . . . in a commercial tractor-trailer rig and inside was some marijuana. Roughly, 70 some kilos." He considered Richardson's personal history, including his various jobs and educational pursuits, how he was "raised mostly" by his mother, and how Richardson has family members to support. The judge's statements about the offense (drug trafficking) and the "societal problem" of attempting to deter that kind of offense show that he considered the need for the sentence imposed and the policy associated with the sentence, and as we have discussed, he expressly considered the need to treat similar offenses consistently. He also discussed the potential sentences and the sentencing range in Richardson's case, including the Government's recommendation of the safety valve, "which was originally designed more for people who are facing heavy minimum sentences, which you're [referring to Richardson] not," and how the range was 41 to 51 months, but that it "dropped down to 17." He stated, "you're not going to be in Column 2 or Column 3 or Column 4. And you're not being prevented from the safety valve. And you are going to get less than this report. . . . but you're going to serve some time." Finally, he considered payment, although not labeling it as restitution, stating, "I'm supposed to fine you thousands of dollars. I'll skip that and let you serve out in what we call community service hours. . . . 100 hours . . . doing something useful . . . to help out in the community . . . that's a way of paying off a substantial fine that I'm supposed to give you."