**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0292n.06

No. 08-6501

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**May 12, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | **)** | |
| | **)** | |
| Plaintiff-Appellee, | **)** | ON APPEAL FROM THE UNITED |
| | **)** | STATES DISTRICT COURT FOR THE |
| v. | **)** | WESTERN DISTRICT OF TENNESSEE |
| | **)** | |
| MARCUS MCGHEE, | **)** | OPINION |
| | **)** | |
| Defendant-Appellant. | **)** | |
| | **)** | |

**Before: MOORE and GILMAN, Circuit Judges; and RUSSELL, Chief District Judge.**[*]

**THOMAS B. RUSSELL, Chief District Judge.** Defendant Marcus McGhee appeals from

the sentence he received after pleading guilty to carjacking in violation of 18 U.S.C. § 2119 and

brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).

For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

On December 19, 2007, Douglas Shelby drove his 2003 Buick Rendezvous into a gas

station and pulled up to a pump. McGhee approached the passenger side of the Buick, pointed a

silver handgun at Shelby and said, "You're about to give me a ride." McGhee then got into the

passenger side of the vehicle and demanded that Shelby drive. As Shelby drove, McGhee demanded

and took money from him. When they stopped at a traffic light, Shelby jumped out of the Buick and

---

[*]The Honorable Thomas B. Russell, United States Chief District Judge for the Western District of
Kentucky, sitting by designation.

into the vehicle of a passing motorist, Greg Land. Shelby and Land called the police and followed McGhee, who was now driving the Buick. They continued to follow McGhee and give the police directions until he waved a handgun at them. Shortly thereafter, officers observed the Buick and initiated pursuit. During the chase, McGhee threw a gun out of the car window. The pursuit ended when McGhee lost control of the Buick and struck a pole. He was arrested on the scene and the firearm was recovered in the vicinity of the pursuit.

The next day, December 20, 2007, McGhee signed a statement that he robbed and kidnapped Shelby at gunpoint. In relevant part, McGhee stated:

> Q: Did you participate in the robbery and kidnapping of Douglas Shelby, which occurred at Hacks Cross and Winchester, on December 19, 2007, at approximately 1:00 pm?
> A: Yeah.
>
> . . .
>
> Q: Were you armed with a weapon, if so, describe it?
> A: Yeah. A black and gray gun.
>
> Q: What was taken in this robbery and kidnapping?
> A: A Buick car, champagne gray.
>
> Q: What did you receive from this robbery and kidnapping?
> A: Nothing just a vehicle to get where I had to go.
>
> . . .
>
> Q: Would you describe the events prior to, during and after this robbery an[d] kidnapping in detail?
> A: I was at the gas station and I was stranded. I saw him pull up in the Buick. I asked him a question, lifted up my shirt and showed the gun, then I got in. I told him to take me somewhere. He took me off to Elvis Presley and Brooks and he jumped out of the car. I drove off. I drove to a safe destination to meet my girl. I went to go leave the car at another gas station then the police pulled up on the side of me. I took off. I gave them a high speed chase, an adventure ride in the car. The car swerved and I hit a pole. That's all she wrote.

Q: Why did you participate in this robbery and kidnapping?
A: For the simple fact, that I was stranded. I didn't want no money, I didn't want to hurt nobody. That's why I asked the victim to take me. I didn't want to take his ride.

Q: Is there anything else you would like to add to this statement?
A: I wasn't going to kill him or harm him I just wanted to get somewhere. I showed him the gun at anger. I wasn't going to kill him.

On August 27, 2008, McGhee entered a plea of guilty to carjacking and brandishing a firearm during and in relation to a crime a violence. At that time, the Government did not oppose McGhee receiving acceptance of responsibility credits pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3E1.1. The plea agreement also provided that if the United States received information that McGhee engaged in "conduct inconsistent with the acceptance of responsibility," the Government could change its position with regard to McGhee receiving the acceptance-of-responsibility credits.

During the presentence interview, McGhee gave a somewhat different account of the events than he had on December 20, 2007. McGhee stated that on the day of the carjacking he was trying to get his money from Shelby, and that when Shelby told him that he did not have it, McGhee snapped. McGhee admitted that he had a gun and that Shelby saw it, but said he did not "put it on" Shelby. McGhee explained that he told Shelby to take him to the money and that he was not going to hurt him. After Shelby got out of the car, McGhee stated that he drove to a gas station and called for his girlfriend to pick him up. He stated that he was going to leave the car at the gas station, but when the police arrived he told his girlfriend to leave, got in the car and led the police on a chase.

The Presentence Investigation Report recommended that McGhee receive the full reduction in his offense level, three levels, for acceptance of responsibility. The Government had "no objections to either the facts or the calculations contained in the Presentence Report."

At the sentencing hearing, the Government called Shelby to testify. In addition to relating how the carjacking impacted him, Shelby stated that he had never met McGhee prior to December 19 and did not owe him any money. After Shelby testified, the Government directed the court's attention to the statement McGhee made on December 20, the day after the carjacking. The Government then expressed concern that McGhee had not actually accepted responsibility, in light of his inconsistent statements and Shelby's testimony. Clarifying, the prosecutor said she did not "feel proper in asking for a third point of acceptance in light of these statements. . . . So I'm not going to make a motion for a three point acceptance in this matter."

With regard to acceptance of responsibility, the court stated that "the defendant has admitted at all times to the essential elements . . . of the count . . . ." However, the court also found that "the government has set forth an ample basis for their decision not to move for the third point" and recalculated the applicable Guidelines range based on a two-level reduction instead of a three-level reduction in the offense level. The court sentenced McGhee to 110 months for carjacking, at the lowest end of the Guidelines range, and 84 consecutive months for brandishing a firearm during and in relation to a crime a violence. With a three-level reduction, the Guidelines range would have been 100-125 months and 84 consecutive months, respectively.

The court's judgment as to McGhee was entered on December 10, 2008. McGhee filed his notice of appeal on December 15, 2008.

## II. ANALYSIS

### A. Standard of review

We review a district court's sentence to determine if it is unreasonable, applying an abuse-of-discretion standard. *United States v. Griffin*, 530 F.3d 433, 439 (6th Cir. 2008); *see also Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Booker*, 543 U.S. 220, 261 (2005). If a court

commits a serious procedural error, the sentence is procedurally unreasonable.

*Griffin*, 530 F.3d at 439. One way a court might commit a significant procedural error is by "failing to calculate (or improperly calculating) the Guidelines range." *Gall*, 552 U.S. at 51.

"Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. "'A reviewing court will find that a sentence is substantively unreasonable where the district court select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Griffin*, 530 F.3d at 439 (quoting *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008)). A sentence within the Guidelines range is credited "with a rebuttable presumption of substantive reasonableness." *United States v. Wilms*, 495 F.3d 277, 280 (6th Cir. 2007). Regardless of the Guidelines range, the district court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" by 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a).

**B.     Acceptance of responsibility**

The Guidelines provide that if the district court finds that "the defendant clearly demonstrates acceptance of responsibility for his offense," then the court should "decrease the offense level by 2 levels." U.S.S.G. § 3E1.1(a). "[T]he district court must determine whether the defendant has demonstrated acceptance of responsibility by a preponderance of the evidence." *United States v. Kathman*, 490 F.3d 520, 524 (6th Cir. 2007). This determination is reviewed for clear error. *Id.* Here, the district court's determination that McGhee accepted responsibility is not being challenged.

The Guidelines also provide that if the defendant qualifies for the two-level acceptance-of-responsibility decrease and the offense level prior to the decrease is level sixteen or greater, then the

court should decrease the offense level by an additional level "upon motion of the government" that states that "the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." U.S.S.G. § 3E1.1(b). Moreover, the application note for this provision provides:

> Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing.

U.S.S.G. § 3E1.1, cmt. n.6. In this case, although the Government did not initially oppose a three-level reduction, it did not move for the third acceptance of responsibility credit at the sentencing hearing due to its concerns that McGhee had not actually accepted responsibility.

"[A] defendant may only receive an extra one-level reduction for acceptance of responsibility (in addition to the 2-level decrease awarded by course) at the motion of the Government." *United States v. Smith*, 429 F.3d 620 (6th Cir. 2005). "[T]he government may decline to move for a reduction under § 3E1.1(b) so long as the decision does not rest on a constitutionally impermissible factor and is not arbitrary." *United States v. Lapsins*, 570 F.3d 758, 770 (6th Cir. 2009). A prosecutor's good faith belief that a defendant has not accepted responsibility does not constitute an arbitrary decision. *Id.* at 771.

McGhee does not allege that the Government acted on the basis of a constitutionally impermissible factor. Therefore, the question remaining is whether the Government's decision not to move for the reduction was arbitrary. *See id.*

Evidence of acceptance of responsibility "may be outweighed by conduct of the defendant

that is inconsistent with such acceptance." U.S.S.G. § 3E1.1, cmt. n.3. The record shows that McGhee gave inconsistent statements regarding his role in the events of December 19, 2007. Initially McGhee stated that he carjacked Shelby because he was stranded and needed a ride. Later, McGhee stated that he was trying to get his money from Shelby. Shelby testified at the sentencing hearing that he had never met McGhee prior to December 19, and did not owe him any money.

After Shelby testified at the sentencing hearing, the prosecutor stated:

> I submit to the court that in light of these statements made by the defendant, there is some concern about allowing him acceptance of responsibility because I don't think that he actually does accept responsibility for his conduct. . . . I submit to Your Honor that a punishment without acceptance of responsibility in the mid-range consecutive to the 84 month is appropriate in this matter. . . . I don't feel proper in asking for a third point of acceptance in light of these statements.

Even though the district court determined that McGhee did accept responsibility, the Government is not obligated to agree with that determination. *See Lapsins*, 570 F.3d at 770 (citing *United States v. Sloley*, 464 F.3d 355, 359 (2d Cir. 2006)). McGhee has not argued, nor is there any evidence, that the prosecutor's belief that he had not accepted responsibility was not in good faith. Additionally, the district judge stated that "the government has set forth an ample basis for their decision not to move for the third point."

Based on the record, the Court holds that the Government's decision not to move for the third acceptance-of-responsibility credit was not arbitrary. Consequently, the district court did not err by not granting the extra one-level reduction.

## C.    18 U.S.C. § 3553(a)

McGhee also argues that the sentence imposed by the district court is unreasonable because it is greater than necessary to effectuate the purposes of justice. He states that when taking into account the factors to be considered and the purposes of § 3553(a), the sentence is unreasonably

harsh and unnecessarily long. McGhee fails to specify, however, what factors the court failed to adequately consider or why the sentence is greater than necessary.

The sentence imposed by the district court is at the lowest end of the proper Guidelines range. There is no evidence before the Court to rebut the presumption of substantive reasonableness of the district court's within-Guidelines sentence. *See Wilms*, 495 F.3d at 280. Furthermore, the transcript of the sentencing hearing shows that the district court adequately considered the relevant § 3553 factors and clearly stated its reasons for imposing the chosen sentence:

> [The court] finds that in this case this defendant engaged in incredibly violent activity that has affected the victim in ways that he expressed on the stand, that he's had difficulty getting beyond, it's put the [victim] in a state of pervasive fear and distrust and anxiety. The defendant committed the crime with the use of a weapon, kidnapped and carjacked the individual, that puts not only the victim at harm, but it puts potentially the community at harm. So this is a case . . . that calls for a severe punishment. In terms of looking at the need for rehabilitation, this defendant has at least one other violent crime. And this crime was committed while the defendant was still under another sentence as was taken into account by the guidelines.
>
> The court has to also look at the need to impose a sentence that is sufficient but not greater than necessary to punish the defendant and protect the community, and also to avoid imposing disparate sentencing. I think in this case the guidelines do provide an appropriate sentence. Because of the denial of the extra point, the court is going to impose a sentence at the low end of the guideline range for the Count Three, the carjacking and impose a custody sentence of 110 months. Under Count Four there is a mandatory seven year consecutive sentence, Mr. McGhee, and that sentence is imposed at 84 months consecutive to the 110.

### III. CONCLUSION

For the foregoing reasons, we find that the sentence imposed by the district court is not unreasonable and **AFFIRM** the judgment of the district court.