**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0307n.06

No. 11-3560

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Mar 20, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| MACROLAND B. HURNS, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GUY and DONALD, Circuit Judges; O'MEARA, District Judge.[*]

PER CURIAM. MacRoland B. Hurns, a federal prisoner, appeals the sentence imposed following his guilty plea to six counts of bank robbery.

Hurns entered his guilty plea in 2010. A presentence report computed his guideline sentencing range at 151 to 188 months of imprisonment. Both parties submitted sentencing memoranda to the court and argued their positions at the sentencing hearing. The district court sentenced Hurns to 170 months of imprisonment. On appeal, Hurns argues that his sentence is procedurally unreasonable because the district court erroneously determined that he was armed during some of the bank robberies. He also argues that his sentence is unreasonable because the district court failed to consider relevant mitigating factors, such as his troubled childhood, low

---

[*]The Honorable John C. O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

intelligence, and mental health issues, and failed to address his arguments that his criminal history was overrepresented and his sentence was disparate from that of his co-defendant.

We review a criminal sentence for procedural and substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A presumption of substantive reasonableness is accorded to within-guideline sentences. *United States v. Wilms*, 495 F.3d 277, 280-81 (6th Cir. 2007).

A sentence may be found to be procedurally unreasonable where it is based on clearly erroneous facts. *Gall*, 552 U.S. at 51. Hurns argues that the district court erroneously found that he was armed during some of the bank robberies. He cites to *United States v. Durham*, 645 F.3d 883, 899-900 (7th Cir.), *petition for cert. filed* (U.S. Sept. 26, 2011), where the sentencing court erroneously stated that the defendant had used firearms during some of his previous offenses, resulting in a remand for resentencing. In this case, however, the district court did not find that Hurns was armed during the bank robberies. The court specifically stated that it did not know whether Hurns had a gun during any of the bank robberies, but that he told the bank tellers that he had a gun, and that the court considered this threat in determining the seriousness of the offenses. Under these circumstances, Hurns has not demonstrated that his sentence is procedurally unreasonable.

A sentence may be both procedurally and substantively unreasonable where the district court fails to consider the relevant sentencing factors. *See Gall*, 552 U.S. at 51; *United States v. Conatser*, 514 F.3d 508, 519-20 (6th Cir. 2008). Hurns argues that the district court failed to consider mitigating factors such as his troubled childhood and low intelligence. Review of the transcript, however, shows that the district court specifically discussed defendant's background and took those

issues into consideration. The argument that the criminal history category is overrepresented is meritless. Hurns argues that the two robberies that provided the basis for his career offender status were committed when he was nineteen years old, and that he had no further serious offenses until the bank robberies at age 35. However, Hurns was in prison for a good part of that period, and he had enough criminal history points to be in category VI even without being found a career offender. Finally, Hurns argues that his sentence is disparate when compared to that of his co-defendant. However, the government countered that the co-defendant was convicted of only two bank robberies, acted as the driver rather than the actual robber, and had a much lower criminal history score. Moreover, sentence disparity as a factor refers to other defendants nationwide with similar convictions and criminal histories, not necessarily to co-defendants. *See Conatser*, 514 F.3d at 521.

In summary, Hurns has not shown that the within-guideline sentence here is unreasonable. The district court's judgment is therefore affirmed.