NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0106n.06

Case No. 25-5227

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)<br>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE EASTERN DISTRICT OF</td></tr>
<tr><td>DUSTIN NEWSOME,</td><td>)</td><td>KENTUCKY</td></tr>
<tr><td>Defendant-Appellant.</td><td>)<br>)</td><td>OPINION</td></tr>
</table>

**FILED**
Mar 05, 2026
KELLY L. STEPHENS, Clerk

Before: MOORE, THAPAR, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** Dustin Newsome induced nine minors to send him sexually explicit videos and images of themselves. When officers searched Newsome's electronic devices, they found hundreds of sexually explicit videos and images of other children as well. Newsome pleaded guilty to two child-pornography offenses. The district court sentenced him to 420 months' imprisonment. On appeal, Newsome challenges the reasonableness of his sentence. We affirm.

**I.**

Newsome was a mail carrier for the United States Postal Service in Louisa, Kentucky. In 2022 and 2023, he induced nine minors between the ages of twelve and sixteen to send him sexually explicit videos and images. In exchange, Newsome often gave the victims alcohol or vape cartridges.

Acting on a tip from the mother of one of the victims, the police executed a search warrant at Newsome's home. A search of Newsome's electronic devices revealed sexually explicit images and videos of several minors who knew Newsome. Investigators also found hundreds of additional

images and videos of child pornography, some of which portrayed minors well under the age of twelve.

The government charged Newsome with one count of sexual exploitation of a minor to produce child pornography, 18 U.S.C. § 2251(a), and one count of possession of child pornography, *id.* § 2252(a)(4)(B). Newsome pleaded guilty to both counts.

At sentencing, Newsome objected to the probation office's recommendation to apply two pattern-of-activity enhancements, U.S.S.G. §§ 4B1.5(b)(1) and 2G2.2(b)(5), for the same aspect of his conduct—that is, engaging in prohibited sexual conduct on multiple occasions. The district court overruled Newsome's objection.

The district court determined that Newsome's advisory Sentencing Guidelines range was 360 to 600 months' imprisonment. Newsome requested a below-Guidelines sentence near the statutory minimum of 180 months. *See* 18 U.S.C. § 2251(e). The government requested a sentence of 480 months. The district court imposed a within-Guidelines sentence of 420 months' imprisonment followed by ten years of supervised release.

Newsome timely appealed. He purports to challenge only the substantive reasonableness of his sentence, but he actually makes arguments challenging both procedural and substantive aspects of his sentence.

**II.**

We begin with Newsome's procedural-reasonableness arguments. A district court imposes a procedurally unreasonable sentence by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [pertinent] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately

explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). We generally review the procedural reasonableness of a sentence for an abuse of discretion. *Id.*

However, when a defendant fails to properly preserve a procedural-reasonableness challenge before the district court, we review such challenges for plain error. *United States v. Nunley*, 29 F.4th 824, 830 (6th Cir. 2022). Under plain-error review, a defendant must establish that (1) there was an error, (2) the error was "plain," (3) the error affected "substantial rights," and (4) the error "had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *Greer v. United States*, 593 U.S. 503, 507–08 (2021) (citation modified).

Newsome makes three arguments that his sentence is procedurally unreasonable. He revives the argument made below that the district court improperly calculated his Guidelines range by applying two enhancements for the same conduct. Newsome also raises two unpreserved challenges. He claims the district court erred by: (1) treating the Guidelines as mandatory and (2) failing to adequately explain his sentence. We address each argument in turn.

**A.**

We consider first whether the district court improperly calculated Newsome's advisory Guidelines range by applying two separate pattern-of-activity enhancements to his sentence. Newsome argues that the district court engaged in impermissible double counting by applying pattern enhancements under both U.S.S.G. § 4B1.5(b)(1) and § 2G2.2(b)(5). *See United States v. Fleischer*, 971 F.3d 559, 570 (6th Cir. 2020) ("Impermissible double counting will render a sentence procedurally unreasonable." (citation modified)).

The government disputes that the district court engaged in double counting. It argues that U.S.S.G § 2G2.2(b)(5) had no impact on the Guidelines calculation. The district court, in

overruling Newsome's objection at sentencing, held that § 2G2.2(b)(5) had "no impact on the [G]uideline[s] application." R. 47, PageID 196. We agree.

But assuming for the sake of argument that the district court engaged in double counting, it was permissible for the court to do so. Under U.S.S.G. § 4B1.5(b)(1), if a defendant is convicted of a "covered sex crime" and he "engaged in a pattern of activity involving prohibited sexual conduct," his "offense level shall be 5 plus the offense level determined under Chapters Two and Three." As we held in *United States v. Hensley*, "[t]he use of the term 'plus' is 'clear, unambiguous' language supporting applying § 4B1.5(b)(1) on top of any provisions from Chapters Two and Three" of the Guidelines. 110 F.4th 900, 906 (6th Cir. 2024) (quoting *Fleischer*, 971 F.3d at 571). This would include U.S.S.G. § 2G2.2(b)(5). Newsome asks us to overrule *Hensley*, but that we cannot do. *See Salmi v. Sec'y of Health & Hum. Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).

**B.**

Newsome next argues that his sentence is unreasonable because the district court treated the Guidelines as mandatory. Because he did not raise this challenge below, we review it for plain error. Even under this deferential standard of review, the district court must "treat the guidelines as advisory," not mandatory, to avoid procedural error. *See United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008).

The district court did not treat the Guidelines as mandatory. In fact, the court referred to the Guidelines as "advisory" during the sentencing hearing. R. 47, PageID 197.

Newsome responds by arguing that "[t]he district court did not have to apply [the § 4B1.5(b)(1)] enhancement or Cross-Reference calculation." D. 28 at p.21. But this misunderstands the advisory nature of the Guidelines. The court must first properly calculate the

Guidelines range. *See Gall*, 552 U.S. at 51. Once properly calculated, the district court has discretion to sentence a defendant within, below, or above the advisory Guidelines range, after considering the factors under 18 U.S.C. § 3553(a). The district court exercised that discretion to sentence Newsome within the advisory Guidelines range, so his second procedural-reasonableness challenge fails.

**C.**

Newsome's final procedural-reasonableness argument is that the district court did not adequately explain its sentence. We review this unpreserved challenge for plain error.

In sentencing a defendant, a district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* at 50. A defendant's claim that the district court did not adequately explain its reasoning is an attack on the sentence's procedural reasonableness. *United States v. Mitchell*, 107 F.4th 534, 541–42 (6th Cir. 2024). The district court's reasoning must be "sufficiently detailed to reflect the considerations listed in § 3553(a)." *United States v. Petrus*, 588 F.3d 347, 354–55 (6th Cir. 2009) (quotation omitted). And "when a sentencing judge independently concurs with the Sentencing Commission's conclusion that a within-Guidelines sentence is appropriate for a given defendant, the explanation for the sentence generally need not be lengthy." *United States v. Wilms*, 495 F.3d 277, 280 (6th Cir. 2007). That said, if "the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, . . . the judge will normally go further and explain why he has rejected those arguments." *Rita v. United States*, 551 U.S. 338, 357 (2007).

The district court's explanation was adequate, so we find no plain error. The court addressed the pertinent § 3553(a) factors, including the seriousness of the crimes, deterrence, public safety, rehabilitation, and Newsome's history and characteristics. As to Newsome's history

and characteristics, the district court found it "particularly disturbing" that Newsome grew up in a "loving home" and enjoyed "standing in his community, his church, and his educational system," which he exploited to abuse minors who trusted him. R. 47, PageID 217. The district court also responded to Newsome's nonfrivolous arguments, including his double-counting objection.

Newsome's only counter is that the district court "was not overwhelmingly precise when articulating how the sentence it imposed would serve the goals of sentencing." D. 28 at p.22. But even if that were true, "overwhelmingly precise" is not the standard; the standard is "sufficiently detailed" to reflect the district court's consideration of the § 3553(a) factors and "to allow for meaningful appellate review." *Petrus*, 588 F.3d at 354–55 (quotation omitted). The district court cleared that bar, so Newsome's adequate-explanation challenge fails.

**III.**

We move now to Newsome's substantive-reasonableness arguments. We review the substantive reasonableness of a sentence under the abuse-of-discretion standard. *Gall*, 552 U.S. at 51. In doing so, we ask "whether the length of the sentence is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010) (citation modified). The focus is on whether "the court placed too much weight on some of the § 3553(a) factors and too little on others." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018).

The defendant bears the burden of showing that a sentence is substantively unreasonable. *United States v. Woodard*, 638 F.3d 506, 510 (6th Cir. 2011). This burden is particularly heavy when challenging a within-Guidelines sentence, which receives a presumption of reasonableness. *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc). "[A] defendant can rebut this presumption if a district court chose a sentence arbitrarily, ignored pertinent § 3553(a) factors,

or gave unreasonable weight to any single factor." *United States v. Xu*, 114 F.4th 829, 846–47 (6th Cir. 2024) (quotation omitted).

Newsome fails to rebut the presumption that his within-Guidelines sentence is reasonable. The district court weighed all pertinent § 3553(a) factors. The court then balanced the seriousness of Newsome's offenses against his capacity for rehabilitation—in fact, that is why it recommended a lower sentence than the sentence proposed by the government. The district court also reasoned that a ten-year term of supervised release would help mitigate any public-safety concerns arising from the sentence. None of this was an abuse of discretion.

Newsome's counterarguments are unavailing. He first argues that the district court placed too much emphasis on his history and characteristics. Yet he undermines his own argument by later contending that the district court did not "clearly articulate[] another purpose for imposing a term of incarceration . . . other than 'rehabilitation' or 'treatment.'" D. 28 at p.23. In truth, the district court considered both Newsome's history and his potential for rehabilitation in appropriate measures, along with other § 3553(a) factors. Any disagreement with how the district court balanced the sentencing factors exceeds the scope of our review. *See United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006).

Finally, Newsome asks us to recognize a "reverse corollary" to the Supreme Court's holding in *Tapia v. United States*, 564 U.S. 319 (2011).[1] *Tapia* prohibits the district court from imposing or lengthening a prison term "to ensure that [the defendant] receive certain rehabilitative

---

[1] Our caselaw is unsettled as to whether *Tapia* violations are procedural or substantive. *See United States v. Jaques*, No. 24-3390, 2025 WL 561784, at *6 (6th Cir. Feb. 20, 2025) (collecting cases). But Newsome's argument is not a *Tapia* challenge. Instead, he premises his argument on a novel "reverse corollary" to *Tapia* that would prohibit sentences longer than the time required for rehabilitation. With no precedent to support such an argument, we view his claim as stating only that "the length of [his] sentence is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *Tristan-Madrigal*, 601 F.3d at 632–33 (citation modified). Thus, we will review it for substantive reasonableness.

services." 564 U.S. at 335. For example, under *Tapia*, a district court cannot impose an 18-month sentence just because it takes 18 months to complete a particular rehabilitative program. Newsome's argument, however, rests on a different premise. His supposed reverse corollary would prohibit sentences like his "that exceed[] th[e] mandatory minimum where the mandatory minimum has ample time to complete the relevant treatment program." D. 28 at p.23. And because "the Bureau of Prisons does not have any treatment programs that last 35 years," then a 35-year sentence is too long. *Id.* at 24. But Newsome provides no precedent to support this corollary, nor does he convince us that it follows logically from *Tapia*. If anything, his proposition requires what *Tapia* prohibits: a sentence tailored to a treatment program. Newsome's substantive-reasonableness challenge thus fails.

**IV.**

For these reasons, we **AFFIRM** the district court's judgment.