RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0175p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

No. 08-1345

*v.*

TONY BARAHONA-MONTENEGRO,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 07-00198-001—Robert Holmes Bell, District Judge.

Argued: April 24, 2009

Decided and Filed: May 14, 2009

Before: MOORE and McKEAGUE, Circuit Judges; FORESTER, District Judge.*

_____

**COUNSEL**

_____

**ARGUED:** Richard D. Stroba, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Grand Rapids, Michigan, for Appellant. Jennifer L. McManus, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Richard D. Stroba, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Grand Rapids, Michigan, for Appellant. Julie Ann Woods, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

_____

**OPINION**

_____

KAREN NELSON MOORE, Circuit Judge. Defendant-Appellant Tony Barahona-Montenegro pleaded guilty to being an illegal alien in possession of a firearm.

_____

*The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

The Presentence Report ("PSR") concluded that Barahona-Montenegro's Sentencing Guidelines range was 37 to 46 months of incarceration based on a total offense level of 17 and a criminal history category of IV. Barahona-Montenegro objected to the PSR, arguing that his criminal history category had been miscalculated and that he should be in criminal history category III, making his Guidelines range 30 to 37 months of incarceration. The district court sentenced Barahona-Montenegro to 48 months of incarceration. The district court's oral sentencing opinion did not resolve clearly the issue of criminal history category. At the sentencing hearing, the district court noted that this was a serious offense and that Barahona-Montenegro had five children out of wedlock whom he was not supporting. In a written judgment issued nearly two months after the sentencing hearing, the district court stated that Barahona-Montenegro's criminal history category was III but that the district court had departed upward based on U.S.S.G. § 4A1.3 because it concluded that this category underrepresented Barahona-Montenegro's criminal history. Barahona-Montenegro appeals his sentence as procedurally and substantively unreasonable.

We **VACATE** Barahona-Montenegro's sentence as procedurally unreasonable and **REMAND** for resentencing.

## I. BACKGROUND

Barahona-Montenegro was born in Honduras and entered the United States in 1990, when he was 15 years old. Barahona-Montenegro lived in the United States until he was deported in 2005. After his deportation, Barahona-Montenegro returned to the United States. On June 18, 2007, the Grand Rapids Police Department received a complaint that a man was waving a gun around. When the police responded to this complaint, they found a car stuck in the sand and two men, one trying to drive the car and the other trying to push it out of the sand. The driver identified himself as Vincente Rubio Garcia, and when the police searched him, they found small bags containing white powder and spent .22-caliber shell casings in his pockets. The police also searched the car and found a .22-caliber pistol with a magazine in the backseat. Later, fingerprint analysis revealed that the driver was Barahona-Montenegro.

As a result of this incident, Barahona-Montenegro was charged in the United States District Court for the Western District of Michigan with unlawful reentry after having been removed following conviction for an aggravated felony in violation of 8 U.S.C. § 1326(b)(2), and with being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(A). On October 11, 2007, Barahona-Montenegro pleaded guilty to being an illegal alien in possession of a firearm, and the government dismissed the illegal reentry charge. The PSR indicated a Guidelines range of 37 to 46 months of imprisonment based on a total offense level of 17 and a criminal history category of IV. Barahona-Montenegro filed a written objection to the calculation of his criminal history category. The PSR reported that Barahona-Montenegro had been sentenced to 60 days in jail for a 2003 California burglary conviction and assigned two criminal history points to this offense. Barahona-Montenegro argued that this sentence had been suspended and that the conviction should be accorded only one criminal history point. Further, Barahona-Montenegro asserted that if this conviction were properly counted, his criminal history category would be III, and his Guidelines range would be 30 to 37 months of incarceration.

The district court held a sentencing hearing on January 18, 2008, at which Barahona-Montenegro raised his objection to the PSR's calculation of his criminal history category. In ruling on this objection, the district court made the following remarks:

> If this drops to a criminal history level III, I don't think a criminal history level III adequately represents the criminal history score of this gentleman, who incidentally the entire time has been an illegal alien. Driving under the influence in Los Angeles, possession of cocaine base for sale with a jail sentence, and a series of probation revocations and reinstatements, willful cruelty to a child with 90 days in jail and a 48-month probation, I don't think a category III quite represents that, together with the fact that we have at this time an outstanding pending possession of narcotic controlled substances in Los Angeles County Superior Court, case number BA30883, which is about a year old, a little over a year old, September 7th of '06.
> So if we're talking about a total criminal history level and we're trying to round it out to be consistent with other criminal history levels, whether this is a III or a IV is a no-brainer. It's a IV. It's a IV. And so

> therefore, I choose not to–or if I do choose to say counsel's right, it's only a one-point rather than a two-point, I have to say it doesn't adequately represent the criminal history level of this defendant at this time, and that I will score it as a IV for purposes of that which I have to do here in this matter.

Joint Appendix ("J.A.") at 45-46 (Sent'g Tr. at 6-7). Before it announced sentence, the district court stated that "[t]his Court finds an adjusted level, criminal history level [sic] of 17 and a criminal history level of either III or IV, but I'm calling it a IV for purposes of my understanding of the overall criminal history pattern that this individual has amassed while being in the United States." J.A. at 49 (Sent'g Tr. at 10). The district court then highlighted the fact that Barahona-Montenegro was an illegal alien, that there was a firearm involved in the incident, and that Barahona-Montenegro used a false name. The district court also stated that Barahona-Montenegro has five children, all born out of wedlock, whom Barahona-Montenegro was not supporting. After observing that this was a serious crime that must be deterred and that the public must be protected from Barahona-Montenegro, the district court sentenced Barahona-Montenegro to 48 months of incarceration.

On March 6, 2008, nearly two months after the sentencing hearing, the district court issued a written statement of reasons. This statement reveals that the district court found that Barahona-Montenegro's criminal history category was III and that the appropriate Guidelines range was 30 to 37 months of incarceration, but that the district court had departed upward because the district court concluded that a criminal history category of III underrepresented Barahona-Montenegro's criminal history pursuant to U.S.S.G. § 4A1.3. Barahona-Montenegro appeals his sentence as procedurally and substantively unreasonable.

## II. ANALYSIS

We review the district court's sentence under an abuse-of-discretion standard. *Gall v. United States*, — U.S. —, 128 S. Ct. 586, 597 (2007). We first decide whether the sentence is procedurally reasonable, and then we address its substantive reasonableness. *Id.* To determine whether a sentence is procedurally reasonable, we

consider whether the district court "(1) properly calculated the applicable advisory Guidelines range; (2) considered the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range." *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007).

A review of the sentencing transcript reveals that the district court did not properly calculate the Guidelines range or adequately explain the chosen sentence. Because Barahona-Montenegro had objected to the criminal history category in the PSR, his Guidelines range was in dispute at the time of the sentencing hearing. The district court never clarified its ruling on Barahona-Montenegro's objection to his criminal history category, which criminal history category it was applying, or what Guidelines range the district court was using as a baseline. Instead, the district court provided only a vague discussion of Barahona-Montenegro's criminal history category:

> If this drops to a criminal history level III, I don't think a criminal history level III adequately represents the criminal history score of this gentleman, who incidentally the entire time has been an illegal alien. Driving under the influence in Los Angeles, possession of cocaine base for sale with a jail sentence, and a series of probation revocations and reinstatements, willful cruelty to a child with 90 days in jail and a 48-month probation, I don't think a category III quite represents that, together with the fact that we have at this time an outstanding pending possession of narcotic controlled substances in Los Angeles County Superior Court, case number BA30883, which is about a year old, a little over a year old, September 7th of '06.
> So if we're talking about a total criminal history level and we're trying to round it out to be consistent with other criminal history levels, whether this is a III or a IV is a no-brainer. It's a IV. It's a IV. And so therefore, I choose not to–or if I do choose to say counsel's right, it's only a one-point rather than a two-point, I have to say it doesn't adequately represent the criminal history level of this defendant at this time, and that I will score it as a IV for purposes of that which I have to do here in this matter.

Joint Appendix ("J.A.") at 45-46 (Sent'g Tr. at 6-7).  Nor did the district court's final mention of the issue clarify the Guidelines calculation:  "[t]his Court finds an adjusted level, criminal history level [sic] of 17 and a criminal history level of either III or IV, but I'm calling it a IV for purposes of my understanding of the overall criminal history pattern that this individual has amassed while being in the United States."  J.A. at 49 (Sent'g Tr. at 10).

Not only does the district court's oral sentence fail to calculate clearly the appropriate Guidelines range, but also it does not adequately explain the chosen sentence.  As discussed below, the district court later issued a statement of reasons that indicated that it sentenced Barahona-Montenegro as though he had a total offense level of 17 and a criminal history category of III and that the upward departure was based on the district court's finding that, pursuant to U.S.S.G. § 4A1.3(a)(1), this criminal history category was underrepresentative.  The Guidelines set out a variety of reasons that a district court might find a criminal history category underrepresentative, including the fact that some sentences were not included in the criminal history computation, other similar misconduct that had not been charged or of which the defendant had been acquitted, or substantial prior sentences.  *See* U.S.S.G. § 4A1.3(a)(2).  In sentencing Barahona-Montenegro, the district court did not focus on any of these factors.  Instead, the district court recited events and convictions which had already been accounted for in the calculation of Barahona-Montenegro's criminal history.  The district court identified one pending charge of drug possession, but did not explain how these factors led the court to conclude that Barahona-Montenegro's criminal history category was underrepresentative.

Additionally, the district court failed to explain its chosen sentence, i.e., why 48 months of incarceration is the appropriate punishment.  Forty-eight months of incarceration is two months higher than the Guidelines range that would apply if the district court treated Barahona-Montenegro as having a total offense level of 17 and a criminal history category of IV.  We have held that "[o]rdinarily when departing from the Guidelines because a particular criminal history category is inadequate, the court

must look to the next higher criminal history category, and must use that range as a reference before otherwise departing from the Guidelines." *United States v. Thomas*, 24 F.3d 829, 834 (6th Cir. 1994); *see also United States v. Feinman*, 930 F.2d 495, 501 (6th Cir. 1991) ("When departing from the Guidelines because a particular criminal history category is inadequate, the district court must look to the next higher criminal history category as a reference before otherwise departing from the Guidelines."); *United States v. Kennedy*, 893 F.2d 825, 829 (6th Cir. 1990). The district court never accounted for the imposition of a sentence two months above the Guidelines range that would apply if the district court increased Barahona-Montenegro's criminal history category to IV. Whether this increase was based on criminal history or was a variance based on other factors, the district court failed to explicate adequately this determination. Additionally, what little explanation the district court did provide referenced irrelevant factors such as the fact that Barahona-Montenegro had five children who had been born out of wedlock.

The district court's written statement of reasons that was issued almost two months later purports to clarify the chosen sentence. According to the statement of reasons, the district court assigned Barahona-Montenegro an offense level of 17 and a criminal history category of III, so that his Guidelines range was 30 to 37 months of incarceration. The statement of reasons indicates that the district court departed upwards from this Guidelines range because, based on U.S.S.G. § 4A1.3(a)(1), "the defendant's criminal history of III under-represented defendant's contacts with law enforcement." J.A. at 72 (Statement of Reasons at 8). However, this statement of reasons fails to cure the sentencing defects we have noted. Although written sentencing opinions and statements of reasons are usually issued shortly after the sentencing hearing, in this case the statement of reasons was not issued until nearly two months after the sentencing hearing. This delay left Barahona-Montenegro unaware of how his sentence had been calculated, why he had received a more severe sentence than the Guidelines suggested, and how he could best address the district court's reasoning. *See United States v. Garcia-Robles*, 562 F.3d 763, 767 (6th Cir. 2009) (highlighting the fact that a defendant must have the opportunity meaningfully to respond to the district court's sentencing

rationale regardless of whether the district court issues an oral or written sentencing opinion).

In addition to being temporally removed from the sentencing hearing, the statement of reasons fails to provide the necessary explanation of the chosen sentence. The district court checked boxes to indicate the mechanics of the sentencing calculation, but, aside from a single sentence,[1] did not explain why the chosen sentence was appropriate. *See United States v. Blackie*, 548 F.3d 395, 401 (6th Cir. 2008) ("[T]he written judgment and commitment order also lacks the requisite level of specificity as to the reasons for sentencing above the Guideline range. The order simply checked two boxes to indicate its reasons for sentencing outside the guideline system and left blank the section of the order for facts justifying the sentence.").

The district court's failure to calculate clearly the Guidelines range and to explain adequately the chosen sentence are errors that make the sentence procedurally unreasonable. *See Blackie*, 548 F.3d at 401-02 (concluding that the district court committed plain error when "it did not refer to the applicable Guidelines range and failed to provide its specific reasons for an upward departure or variance at the time of sentencing or in the written judgment and commitment order"). Therefore, we **VACATE** Barahona-Montenegro's sentence as procedurally unreasonable and **REMAND** for resentencing. Because we conclude that Barahona-Montenegro's sentence is procedurally unreasonable, we do not now consider whether his sentence is substantively unreasonable.

### III. CONCLUSION

We **VACATE** Barahona-Montenegro's sentence as procedurally unreasonable and **REMAND** for resentencing.

---

[1] This sentence reads: "The Court found that the defendant's criminal history of III under-represented defendant's contacts with law enforcement." J.A. 72 (Statement of Reasons at 8). This sentence provides no insight into why the district court believed that the criminal history category was underrepresentative or that the chosen sentence of forty-eight months of imprisonment was appropriate.