**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0104n.06

**No. 09-6012**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **Feb 11, 2011** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Eastern |
| MARCUS D. JARNIGAN, | ) | District of Tennessee |
| | ) | |
| Defendant-Appellant. | ) | |

Before:      BOGGS and COOK, Circuit Judges; and CARR, District Judge.[*]

BOGGS, Circuit Judge.    Marcus Jarnigan pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  The sentencing judge determined that Jarnigan qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA") and, on August 13, 2009, sentenced Jarnigan to 198 months in prison.  We affirm that sentence.

I

On January 15, 2008, Jarnigan was indicted for a violation of 18 U.S.C. § 922(g), being a felon in possession of a firearm.  The indictment alleged that, on December 31, 2007, Jarnigan knowingly possessed a loaded 9-mm pistol and, at that time, had been previously convicted of a felony.  And because Jarnigan possessed ammunition for the pistol, he was also indicted for a second violation of the same statute.

---

[*] The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

After various pre-trial proceedings and the selection of a jury, Jarnigan pleaded guilty to both counts on December 18, 2008. At the plea colloquy, Jarnigan stipulated to the government's factual summary of his crime, and the district court accepted Jarnigan's plea.

A probation officer prepared a Presentence Investigation Report ("PSR"). The officer determined that Jarnigan had 11 criminal history points, which placed him in criminal history category V. The officer grouped the two counts under § 922(g), thereby establishing a base offense level of 20. However, the officer determined that Jarnigan qualified as an armed career criminal under ACCA and, as a result, increased his offense level to 33. *See* USSG §4B1.4. Based on these calculations, the Guidelines provided a recommended sentence of between 210 and 262 months in prison. *See id*. at §5A.

Jarnigan filed two objections to the PSR on August 6, 2009. First, Jarnigan argued that he should not be considered an armed career criminal because two of the predicate convictions, for dealing drugs in 1991, occurred when he was 17. And, in the alternative, because the two convictions were both part of the same indictment, Jarnigan argued that they should count as only one predicate offense, not two. Second, Jarnigan argued that he should have been given a two-level downward adjustment for his acceptance of responsibility.

At Jarnigan's August 13, 2009, sentencing hearing, the district court ultimately decided to grant Jarnigan a two-level downward adjustment for his acceptance of responsibility, but rejected Jarnigan's arguments regarding his status as an armed career criminal. The court held that Jarnigan's 1991 drug convictions were "serious drug offenses" and were therefore properly counted for purposes of the enhancement and, even if the convictions were juvenile adjudications, Sixth Circuit

precedent indicated that procedurally-sound juvenile adjudications can be used for ACCA enhancements. *See United States v. Crowell*, 493 F.3d 744, 750 (6th Cir. 2007). The district court further held that because Jarnigan's two convictions arose out of conduct committed on separate days, they were properly counted as separate convictions for ACCA purposes, and that this result was also dictated by Sixth Circuit precedent. *See United States v. McCauley*, 548 F.3d 440, 448 (6th Cir. 2008); *United States v. Roach*, 958 F.2d 679, at 683 (6th Cir. 1992).

Accordingly, the district court concluded that Jarnigan's adjusted offense level was 31, not 33, and the Guidelines range was therefore 168 to 210 months in prison. Because the convictions carried a 180-month minimum sentence, the court determined that Jarnigan's restricted Guidelines range was 180 to 210 months. The court sentenced Jarnigan to a prison term of 198 months.

Jarnigan filed this timely appeal, in which he claims that his sentence is both procedurally and substantively unreasonable. This court has jurisdiction to review Jarnigan's sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

II

A

Generally, this court reviews a district court's sentence for an abuse of discretion. *United States v. Barahona-Montenegreo*, 565 F.3d 980, 983 (6th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 49 (2007)). However, a district court's legal conclusion that a defendant's prior convictions qualify as predicate convictions for purposes of ACCA is reviewed de novo. *See United States v. Hill*, 440 F.3d 292, 295 (6th Cir. 2006).

The goal of procedural review is to ensure that the sentencing judge "has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Procedural review involves a three-factor analysis: (1) whether the court properly calculated the Guidelines range; (2) whether the court considered the § 3553(a) factors and the parties' arguments; and (3) whether the court adequately explained why it imposed the chosen sentence. *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007).

The only procedural arguments raised here relate to whether the district court properly calculated the Guidelines range. Specifically, Jarnigan argues that the district court erroneously considered his prior drug convictions to be predicate offenses for purposes of ACCA. Appellant's Br. at 6. ACCA provides that a defendant convicted of a violation of § 922(g) must receive a mandatory minimum sentence of 15 years in prison if he has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A "serious drug offense" is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* at § 924(e)(2)(A)(ii). The Sentencing Guidelines include enhancement provisions that reflect ACCA. *See* USSG §4B1.4; *id.* at §4B1.4, comment. (n. 1) ("This guideline applies in the case of a defendant subject to an enhanced sentence under 18 U.S.C. § 924(e).").

If a sentence passes procedural reasonableness review, this court next reviews the sentence for substantive reasonableness. *Barahona-Montenegro*, 565 F.3d at 983. Substantive review requires that the court "take into account the totality of the circumstances, including the extent of any

variance from the Guidelines range." *Gall*, 552 U.S. at 51. If the sentencing judge selected an above-Guidelines sentence, the justification must be "sufficiently compelling to support the degree of the variance." *Id*. at 50. However, due deference must be given to the sentencing judge's decision, and the fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." *Id*. at 51.

B

Jarnigan argues that, because his 1991 drug convictions occurred when he was a minor, they can not be counted as ACCA predicate offenses. That Jarnigan was a minor at the time of the offenses and convictions at issue is not in dispute. However, we hold that, because the age of the offender has no impact on whether a serious drug crime counts as a predicate offense under ACCA, Jarnigan's minor convictions were properly counted as ACCA predicate offenses.

To support his argument, Jarnigan relies only on USSG § 4A1.2(c)(2), which provides that "[j]uvenile status offenses and truancy," along with various other types of offenses, "are never counted" when computing a defendant's criminal history. By its own terms, the provision is not relevant to the question of whether Jarnigan's offenses are predicate offenses under ACCA. Jarnigan was not convicted of a juvenile status offense or truancy, and whether an offense merits a criminal history point under the Guidelines is a separate question from whether it is recognized under ACCA. *See United States v. Cole*, 418 F.3d 592, 599 (6th Cir. 2005) ("[A] juvenile status offense is an offense which is illegal only because of the offender's age.").

Jarnigan was charged and convicted as an adult in Georgia Superior Court of a drug offense punishable by more than ten years in prison, *see* GA. CODE ANN. § 16-13-30, and that ends the

ACCA inquiry. *United States v. Taylor*, 301 F. App'x 508, 522 (6th Cir. 2008) ("Regardless of whether defendant could have been prosecuted as a juvenile, he was . . . convicted and sentenced as an adult for a crime . . . [that meets ACCA's definition of 'violent felony,' and] this conviction qualifies as a conviction for purposes of the ACCA enhancement.") (citing *United States v. Spears*, 443 F.3d 1358, 1360-61 (11th Cir. 2006), *United States v. Lender*, 985 F.2d 151, 156 (4th Cir. 1993)). And in an analogous situation regarding the Guidelines' career-offender provisions, this court held that a prior conviction of an "adult" crime in "adult" court counts as a "prior adult" conviction, notwithstanding the fact that the defendant was a minor at the time of the conviction. *United States v. Muhammad*, 948 F.2d 1449, 1459 (6th Cir. 1991). In accordance with these decisions, we hold that Jarnigan's drug convictions constitute predicate offenses under ACCA even though they occurred while he was still a minor.

Jarnigan also argues that the two drug convictions were "simply two counts of the same indictment" and therefore "arise from the same course of conduct and must be counted as one conviction" for purposes of ACCA. Appellant's Br. at 7. Jarnigan cites no authority for this proposition, and we therefore consider the argument waived.[1] *United States v. Williams*, 544 F.3d

---

[1] The argument is also foreclosed by clear circuit precedent. *United States v. Roach*, 958 F.2d 679, 684 (6th Cir. 1992) ("Because appellant committed drug offenses on three different days . . . , these offenses do not constitute a single criminal episode, and the district court properly enhanced appellant's sentence pursuant to [ACCA] . . . ."); *United States v. Martin*, 526 F.3d 926, 939 (6th Cir. 2008) ("[P]rior crimes are predicate offenses under the ACCA if . . . it would have been possible to cease the criminal conduct after the first offense without committing the second offense . . . . That the offenses were ultimately charged in one indictment . . . is irrelevant.").

683, 690 (6th Cir. 2008) (holding that arguments are waived when an appellant "fail[s] to develop

or support his argument with any legal authority").

Finally, Jarnigan argues—again without citing any legal authority—that an offense level of

20 "is a more appropriate reflection of the underlying crime, while level 33 overstates the severity

of the crime for which he is charged." This claim, too, is waived.[2] *Williams*, 544 F.3d at 690.

III

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.

---

[2] Jarnigan's aborted argument is also plainly insufficient to overcome the presumption of reasonableness of his within-Guidelines sentence. *United States v. Wilms*, 495 F.3d 277, 280 (6th Cir. 2007).