**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0359n.06

**No. 09-2025**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 26, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| CURTIS RASHE TURNER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |

BEFORE:    MARTIN and STRANCH, Circuit Judges; THAPAR, District Judge.[*]

**JANE B. STRANCH, Circuit Judge.**  Defendant-Appellant Curtis Turner pleaded guilty to possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii).  The district court sentenced Turner to 120 months of imprisonment, which fell at the bottom of the applicable Sentencing Guidelines range.  In this appeal, Turner contends that his sentence is both procedurally and substantively unreasonable.  For the following reasons, we **AFFIRM**.

## BACKGROUND

The facts of this case are not in dispute and are summarized as set forth in the Presentence Report ("PSR").  In September 2008, a confidential informant working with the Cass County,

---

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Michigan Sheriff's Office made two separate purchases of crack cocaine from Turner. The first sale, which took place on September 15, involved the confidential informant giving Turner $20 cash for a .19-gram rock of cocaine. The second sale occurred at Turner's residence on September 19, and was for a .787-gram rock of cocaine. During this second sale, Turner's girlfriend, Rebecca Jones, retrieved the cocaine and gave it to the confidential informant in exchange for $100.

Law enforcement authorities subsequently obtained and executed a search warrant for Turner's residence. Both Turner and Jones were inside the residence at the time the warrant was executed. During the search, officers located $1,820 in cash, a digital scale, five suspected rocks of crack cocaine, two cellular telephones, and a tray of suspected marijuana, all on the living room table. In the bedroom, officers found two shoe boxes, one containing 41 rocks of crack cocaine, and the another containing 32 individual bags of crack cocaine. In the basement, officers also found a backpack containing a loaded 9mm pistol. Turner and Jones were both arrested and transported to the Cass County Jail.

On February 25, Turner was indicted on six federal drug and firearm charges. In exchange for dismissal of the other charges, Turner pleaded guilty to Count 4 of the indictment, which charged him with possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). The PSR held Turner responsible for a total of 25.021 grams of crack cocaine, which included the quantities involved in the undercover purchases and seized from the residence, and also quantities sold to an unnamed police source housed at the Cass County Jail. It calculated a total offense level of 27 and a criminal history category of V, which yielded an

advisory Sentencing Guideline range of 120 to 150 months of imprisonment. The PSR recommended a sentence at the very top of this range, 150 months of imprisonment, along with five years of supervised release.

The district court conducted a sentencing hearing on August 5, 2009. Turner requested that the district court vary from the applicable Guidelines range, primarily arguing that the Sentencing Guidelines' harsher treatment of crack cocaine offenses was not justified and the court instead should apply "a guideline sentencing calculation that does not reflect any disparity between the crack and powder cocaine sentencing schemes." R38 at 6. In support, Turner cited congressional testimony by Assistant Attorney General Lanny Breuer announcing the Obama Administration's position that the sentencing disparity should be eliminated.

The district court sentenced Turner to 120 months of imprisonment, at the bottom of the applicable crack-cocaine Guideline range. In doing so, the court recognized that the Supreme Court has given district courts authority on their own to vary from the guidelines. The court, however, chose not to exercise that discretion. Turner filed a timely notice of appeal on August 10, 2009.

## ANALYSIS

### I. STANDARD OF REVIEW

On appeal, Turner challenges the reasonableness of his sentence. Generally, this Court considers such challenges under an abuse-of-discretion standard.[1] *United States v. Barahona-*

---

[1]Appellee argues that Turner's procedural arguments should be reviewed only for plain error because he failed to object to the procedural propriety of the district court's sentence when invited to do so at the conclusion of sentencing. *See United States v. Vonner*, 516 F.3d 382, 385–86 (6th

*Montenegro*, 565 F.3d 980, 983 (6th Cir. 2009). "Reasonableness review has both a procedural and a substantive component." *United States v. Wettstain*, 618 F.3d 577, 591 (6th Cir. 2010). The Court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

If the Court concludes that the sentence is procedurally sound, the Court "then consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010) (quoting 18 U.S.C. § 3553(a)).

## II.     PROCEDURAL REASONABLENESS

### A.      Reliance on Crack-Cocaine Sentencing Guideline

Turner first argues that his sentence is procedurally unreasonable because "it is based on the crack-cocaine sentencing guideline." Appellant's Br. at 10. Citing Assistant Attorney General Lanny Breuer's testimony and the recently enacted Fair Sentencing Act,[2] Turner argues that the

---

Cir. 2008) (en banc); *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). We need not consider whether plain-error review applies in the present case because Turner's claims fail to satisfy the more lenient abuse-of-discretion standard typically applicable to reasonableness challenges.

[2]Among other things, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, reduced the crack-to-powder ratio in mandatory minimum sentences to approximately 18-to-1. A panel of this Court has held that the Act does not apply retroactively. *United States v. Carradine*,

crack-cocaine Guideline is "flawed and unreliable," Appellant's Br. at 10, and "does not serve the purposes of 18 U.S.C. § 3553(a)," *id.* at 8. Instead, he contends that his sentence should correspond with the powder-cocaine Guideline, which would advise a significantly shorter sentence.

The Supreme Court addressed a district court's authority to vary from the crack-cocaine Sentencing Guidelines in two recent cases. In *Kimbrough v. United States*, 552 U.S. 85 (2007), the Court held that "the cocaine Guidelines, like all other Guidelines, are advisory only." *Id.* at 91. In making the determination whether "a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing" under section 3553(a), the Court held that a district court "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses." *Id.* Subsequently, in *Spears v. United States*, 555 U.S. 261, 129 S. Ct. 840 (2009) (per curiam), the Supreme Court clarified that a district court has the "authority to vary from the crack cocaine Guidelines based on *policy* disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case." *Id.* at 843. Accordingly, under *Kimbrough* and *Spears*, "district courts are entitled to vary from the crack-cocaine guidelines [even] in a mine-run case where there are no 'particular circumstances' that would otherwise justify a variance from the Guidelines' sentencing range." *Id.* at 843–44.

This is not to say, however, that a district court necessarily errs when sentencing a defendant within the applicable crack-cocaine Guideline range. While *Kimbrough* and *Spears* establish that a sentencing court may vary from the crack-powder ratio set forth in the Guidelines, "applying the

---

621 F.3d 575, 580 (6th Cir. 2010).

ratio does not, *ipso facto*, make a sentence unreasonable under existing case law." *United States v. Caver*, 470 F.3d 220, 249 (6th Cir. 2006); *accord United States v. Simmons*, 587 F.3d 348, 366 (6th Cir. 2009) ("[W]e have repeatedly held the disparate treatment of crack and powder cocaine advised by the Guidelines is not per se unreasonable or unconstitutional."). Accordingly, the district court's sentence is not inherently unreasonable merely because it falls within the Guideline range applicable to crack-cocaine offenses.

B.      Authority to Vary From Crack-Cocaine Sentencing Guideline

Turner also argues that his sentence is procedurally unreasonable because the district court did not fully comprehend its discretion to vary from the crack-cocaine Guideline range as recognized by the Supreme Court in *Kimbrough* and *Spears*. Although resentencing is appropriate where a sentencing court erroneously believed that it lacked authority to vary from the crack-to-powder ratio set forth in the Guidelines on policy grounds, *see, e.g.*, *United States v. Johnson*, 553 F.3d 990, 995–96 (6th Cir. 2009), the sentencing transcript in the present case demonstrates that the district court understood its discretion to vary. The court expressly noted that the Supreme Court has "given the district courts authority on their own to vary from the guidelines and . . . use some other ratio." R49 at 17–18. The court, however, chose "not to exercise that discretion in this case . . . for a number of reasons." R49 at 18.

First, the court explained it would not vary from the applicable crack-cocaine Guideline range because it was based on "positive law, law that Congress enacted" and Congress had "multiple opportunities to change" the crack-cocaine ratio and it had not yet done so. R49 at 18. Second, in

response to Turner's argument that a variance was compelled by the Obama Administration's position on the issue, the court stated its belief that it would be "an inappropriate basis for the Court to exercise its discretion based on what [the executive] branch of the federal government is advocating at the time." R49 at 19. The court continued:

> Now, that said, there could be other reasons why the Court can exercise its discretion in a case to vary, and certainly *Gall*, *Kimbrough*, and others have recognized that. *But in this case I'm not willing to do it because I don't believe I have a record on which to make a meaningful determination.*
>
> Plus, it seems to me, that although crack cocaine is certainly the offense of conviction, and I understand that, the sentence of the Court is driven by other things as well here, including the long history that Mr. Turner has had with trouble on law enforcement and the need for some kind of attention-getting sentence that's more significant than what he's had before to reinforce what I hope will be a growing desire to move in the direction of law-abiding conduct. So for those reasons the Court is not willing to exercise its own discretion to vary from the guidelines as they were calculated.

R49 at 19 (emphasis added).

As this Court recently explained in *United States v. Johnson*, 407 F. App'x 8 (6th Cir. 2010), "[w]hile district judges have wide discretion in fixing a crack-to-powder ratio, they are not free to cede their discretion by concluding that their courtrooms are the wrong forum for setting a crack-to-powder ratio." *Id.* at 11. Unlike the district court in *Johnson*, however, the lower court here did not rely exclusively on such impermissible grounds in rejecting the defendant's policy argument. The sentencing transcript demonstrates that the district court understood the scope of its discretion to vary on policy grounds and calculate its own crack-to-powder ratio, but was "not willing to do it" in the present case because it did not "have a record on which to make a meaningful determination." R49

7

at 19. That the district court felt that it would be "inappropriate" to vary from the crack-cocaine Guidelines based solely on the Obama Administration's position does not establish a procedural error under these circumstances. We conclude the district court's sentence was procedurally reasonable.

## III. SUBSTANTIVE REASONABLENESS

Turner also challenges the substantive reasonableness of the district court's sentence. "In selecting a sentence, the [district] court must consider the factors set forth in section 3553(a) and arrive at a sentence 'sufficient, but not greater than necessary, to comply with' those factors." *United States v. Gunter*, 620 F.3d 642, 647 (6th Cir. 2010) (quoting 18 U.S.C. § 3553(a)). Substantive errors may occur "where the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Moon*, 513 F.3d 527, 543 (6th Cir. 2008) (internal quotation marks and alterations omitted). A rebuttable presumption of substantive reasonableness is afforded a properly calculated, within-Guidelines sentence. *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008). "Although this presumption is rebuttable, we cannot reverse a sentence simply because we determine that a different sentence would be appropriate." *United States v. Higgins*, 557 F.3d 381, 398 (6th Cir. 2009).

Turner challenges the substantive reasonableness of the district court's bottom-of-the-Guideline sentence because he asserts that "[a] 120–month sentence is longer than necessary to

satisfy the § 3553(a) factors in [this] case." Appellant's Br. at 8. According to Turner, the district court "gave too much weight to the crack-cocaine guideline" and too little consideration to "the history and characteristics of Mr. Turner." *Id.* Specifically, he argues that the district court should have considered more fully several mitigating factors, including the crack-cocaine disparity under the Guidelines, his young age (27), and his "relatively petty" criminal history. *Id.* at 15.

Turner's arguments are insufficient to rebut the presumption of reasonableness afforded the district court's sentence. The sentencing transcript reveals that the district court engaged in a thoughtful analysis of the relevant section 3553(a) factors without giving disproportionate weight to any one of them. The district court first determined that the applicable Guidelines range was 120 to 150 months, as the parties conceded at the sentencing hearing. It then recognized, however, that "[t]he overall purpose of sentencing . . . is to impose a sentence under [section] 3553 of Title 18 that's sufficient but not greater than necessary to comply with the purposes of the statute." R49 at 11–12. The court noted that its consideration of these sentencing factors led it to conclude that a sentence of 120 months, at the bottom of the applicable Guideline range, was appropriate.

In reaching this sentence, the court found "significant" Turner's "long-term problem with criminal justice, both in his juvenile years and in his adult years." R49 at 13. The court noted that it felt compelled to impose a "jarring," R49 at 16, "attention-getting sentence that's more significant than what [Turner's] had before to reinforce what [the court hoped would] be a growing desire to move in the direction of law-abiding conduct," R49 at 19.

The court also considered several mitigating factors that cut in favor of a lower sentence. First, Turner was in state custody for five months following his arrest, for which he may not get credit under the federal system. Second, Turner was a "relatively young man" and it was "too early, in the Court's view, to give up and say . . . there are all these bad predictors of recidivism, so I'm going to go to the high end of the range because he's not going to make it." R49 at 13. Third, the court noted that Turner had demonstrated "a determination and a grit," suggesting that he may be able "to use this obstacle as a stepping stone." R49 at 14. Finally, the court recognized that, "although some of [Turner's criminal history] certainly involves drugs and serious offenses, there is a lot of low-level offenses comparatively." R49 at 15. According to the court, this was "another reason that [the sentence was] at the low end of the federal guidelines." R49 at 15.

There is no indication in the record that the district court's sentence was arbitrary, incomplete, or based on impermissible factors. Moreover, the district court expressly considered the factors emphasized by Turner on appeal—i.e., his young age and the nature of his previous criminal offenses. Although Turner argues that the court should have weighed these factors differently, there is no reason to conclude that the district court abused its discretion. *Cf., e.g.*, *United States v. Young*, 553 F.3d 1035, 1055–56 (6th Cir. 2009) (holding that district court did not abuse its discretion in imposing within-Guidelines sentence where the court specifically considered mitigating evidence and "enumerated the specific evidence and the § 3553(a) factors that led it to believe that the sentences it imposed were appropriate"). Accordingly, we conclude that Turner's sentence is not substantively unreasonable.

## **<u>CONCLUSION</u>**

For the aforementioned reasons, we **<u>AFFIRM</u>** the sentence imposed on Turner by the district court.