**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0226n.06

No. 12-1623

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Mar 05, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| ELENA MARISOL RICHARDSON, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  GIBBONS, KETHLEDGE, and STRANCH, Circuit Judges.

PER CURIAM.  Elena Marisol Richardson appeals through counsel the sentence imposed following her guilty plea to being present in the United States subsequent to deportation following an aggravated felony conviction.

Richardson, a citizen of Mexico, entered the United States illegally at the age of fourteen. Her criminal history includes many crimes, several of which were felonies, as well as violations of probation or parole.  In 1990, she was convicted of two counts of delivery of less than fifty grams of cocaine, an aggravated felony.  In 1995, she was convicted of aggravated assault, a violent crime which raised her offense level.  She was deported in 2009, but she immediately returned to the United States.  In 2010, she was convicted in a Michigan state court of first-degree home invasion, and she was sentenced to five to thirty years of imprisonment.

Richardson's sentencing guideline range was calculated at 77 to 96 months of imprisonment. Her attorney filed a sentencing memorandum seeking a lower sentence, attaching letters of

recommendation from Richardson's family and friends. At the sentencing hearing, the district court addressed the arguments raised in Richardson's sentencing memorandum and rejected them. The court acknowledged Richardson's drug problems and recommended that she receive treatment. The court also discussed the nature of the crime and the sentence's ability to promote deterrence, incapacitation, and respect for the law. The court sentenced Richardson to a within-Guidelines sentence of 84 months of imprisonment. The court rejected Richardson's request that the sentence run concurrently with her state sentence, reasoning that a concurrent sentence would undermine Michigan's enforcement of its laws, and instead imposed a consecutive sentence.

On appeal, Richardson argues that the district court failed to consider the sentencing factors other than her criminal history and gave an inadequate explanation for the consecutive sentence.

A criminal sentence is reviewed under an abuse-of-discretion standard for procedural and substantive reasonableness. *United States v. Barahona-Montenegro*, 565 F.3d 980, 983 (6th Cir. 2009). A sentence within the Guidelines range is presumed substantively reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). A sentence may be both procedurally and substantively unreasonable where the district court fails to consider the relevant sentencing factors. *United States v. Camacho-Arellano*, 614 F.3d 244, 247 n.1 (6th Cir. 2010). Contrary to Richardson's argument, the record in this case shows that the district court considered other sentencing factors in addition to her criminal history. Where the sentence imposed is within the Guidelines range, a short explanation of the sentence is adequate where the record shows that the defendant's arguments and evidence were considered. *See United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009). Here, the district court addressed the arguments and evidence submitted in Richardson's sentencing memorandum.

Finally, Richardson argues that the district court's explanation for imposing a consecutive sentence was inadequate. A consecutive sentence will be affirmed where it is imposed to provide an appropriate incremental penalty and the court makes its rationale "generally clear." *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998). In this case, the district court explained that a concurrent sentence would undermine Michigan's enforcement of its laws. This was an adequate explanation for the imposition of a consecutive sentence.

Accordingly, we find no abuse of discretion and affirm the district court's judgment.