**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0408n.06

No. 12-1968

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Apr 25, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| IGNACIO SERNA-DENA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  COLE and McKEAGUE, Circuit Judges; ZOUHARY, District Judge.[*]

PER CURIAM.  Ignacio Serna-Dena appeals his sentence for illegal reentry into the United States following his removal after an aggravated felony conviction.  For the following reasons, we affirm Serna-Dena's sentence.

Serna-Dena, a citizen of Mexico, pleaded guilty to illegal reentry, having been removed from the United States following conviction of an aggravated felony, in violation of 8 U.S.C. §§ 1101(a)(43)(B), and 1326(a) and 1326(b)(2).  Serna-Dena admitted that he pleaded guilty in Michigan state court to two drug-trafficking offenses in September 2009, that he was paroled and deported in October 2010, that he returned to the United States and was deported again in February 2011, and that he was found in the United States in February 2012.  Serna-Dena's presentence report

---

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

set forth a guidelines range of 46 to 57 months of imprisonment based on a total offense level of 21 and a criminal history category of III. Serna-Dena did not object to the presentence report, but moved for a downward variance from the guidelines range, asserting that his prior drug case disproportionately impacted his criminal history score. At sentencing, the district court denied the request for a variance and, after considering the sentencing factors under 18 U.S.C. § 3553(a), imposed a 48-month sentence.

In this timely appeal, Serna-Dena contends that his sentence is substantively unreasonable because the district court based the sentence on his common-law marriage, gave an unreasonable amount of weight to that impermissible factor, and failed to account for his lack of criminal history. We review the substantive reasonableness of the sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). A rebuttable presumption of substantive reasonableness applies to Serna-Dena's within-guidelines sentence. *See United States v. Evers*, 669 F.3d 645, 661 (6th Cir. 2012).

The record reflects that the district court did not give any weight to Serna-Dena's common-law marriage, much less base the sentence on his marital status. When defense counsel referred to Serna-Dena's "wife," the district court merely corrected him: "Excuse me. It's not a wife. It's a common-law arrangement." The district court later expressed sympathy for Serna-Dena's family:

"And this girlfriend, common-law wife I guess she's denominated as, and the children that were

born, I feel sorry for them.  I really do, because they didn't ask for this.  I presume they didn't."

Serna-Dena cites *United States v. Barahona-Montenegro*, 565 F.3d 980, 985 (6th Cir. 2009), in which this court vacated the defendant's sentence as procedurally unreasonable, in part because the district court failed to explain why it imposed a sentence *above* the advisory guidelines range, and "what little explanation the district court did provide referenced irrelevant factors such as the fact that Barahona-Montenegro had five children who had been born out of wedlock." Here, in contrast, the district court did not assign any significance to Serna-Dena's marital status, but merely corrected a statement by defense counsel. In addition, the court expressed sympathetic concern about the effect of Serna-Dena's illegal conduct and impending incarceration on his family. Far from being irrelevant, this remark was responsive to Serna-Dena's attempt to justify his illegal re-entry by saying, "I did it for my kids, you know, my family." The court's statement thus related to its assessment of Serna-Dena's lack of respect for the law and to the need for deterrence.

Serna-Dena contends the district court failed to consider his minimal criminal history, thereby disregarding the disproportionate impact that his prior drug case had on his criminal history score. In denying Serna-Dena's request for a downward variance, the district court stated:

> [T]he variance [motion] says, well it was just one little tiny drug delivery. No, that's not what it says here in the offense conduct. The offense conduct would have Mr. Serna-Dena as selling and having much more – and Paragraph 24, obviously, particularly the paragraph at the top of Page 6, which has here again not been objected to, that's not a person who – a one-time shot of somebody doing someone a favor.
>
> And then when I look at the number of traffic violations and the number of times that Mr. Serna-Dena has been deported only to come right back, I find there is a deliberate pattern of clear disrespect, disobedience maybe is another word to use, of the laws of the United States. They just don't apply to Mr. Serna-Dena. He just does whatever he feels like.

The district court explicitly considered Serna-Dena's criminal history and found that his history was not as minimal as he claimed.

Serna-Dena has thus failed to rebut the presumption that his within-guidelines sentence is substantively reasonable. Accordingly, we affirm.