NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0490n.06

Case No. 21-4208

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Dec 01, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| PAUL D. TURNER, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; COLE and GRIFFIN, Circuit Judges.

COLE, Circuit Judge. Paul Turner pleaded guilty to one count of conspiracy to possess cocaine with intent to distribute and two counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court imposed a sentence of 71 months' imprisonment, an upward variance from the 46 to 57 months Guidelines range. Turner appeals the sentence as procedurally and substantively unreasonable. Because the district court properly considered the 18 U.S.C. § 3553(a) factors, provided notice, and explained its upward variance, we AFFIRM.

I. BACKGROUND

On September 9 and 16, 2020, Turner and another individual sold cocaine to a confidential informant as part of a controlled buy. Police arrested Turner on September 30, 2020, for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The day of the arrest, law enforcement officers conducted a search of Turner's home.

During this search, Turner waived his *Miranda* rights and told the officers he had a firearm in his home, that he is a felon, and that he was aware it was unlawful for him to possess the firearm as a convicted felon.

The grand jury ultimately indicted Turner for one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; two counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and one count of being a felon in possession of a firearm in violation of § 922(g)(1). Approximately a week later, Turner was released on bond.

On December 9, 2020, Turner signed a written plea agreement pleading guilty to all four counts. Both parties agreed that the proper calculation under the Sentencing Guidelines for the offense level was 14. The parties stipulated that the amount of cocaine in the first three counts was less than one gram, thereby corresponding to a base offense level of 12. U.S.S.G. § 2D1.1(c)(14). The offense level for the fourth count, all parties agreed, was 14. U.S.S.G. § 2K2.1(a)(6).

The government provisionally agreed to recommend to the court a two-level reduction for acceptance of responsibility, so long as Turner's conduct continued to reflect his acceptance of responsibility. But the agreement emphasized that the sentencing court would be the ultimate arbiter of whether the reduction should apply. Additionally, the parties made no agreement regarding a sentencing range to be imposed by the court, nor did they stipulate to a criminal history category.

The agreement waived most of Turner's right to appeal. But he explicitly retained the right to appeal any sentence that exceeded the maximum sentencing imprisonment range determined using the offense level computations and stipulations in the plea agreement.

Turner violated his conditions of release on December 23, 2020, when he was arrested and later charged in state court for possessing crack cocaine and six rounds of ammunition. He was sentenced to 180 days in jail. On July 16, 2021, he was sentenced to 205 days in jail after pleading guilty to attempted felonious assault and domestic violence.

The district court informed the parties at a status conference in August that it was considering an upward variance for sentencing. The district court set the sentencing hearing date so that both sides had time to prepare a response to the possibility of an upward variance.

In advance of Turner's sentencing, the U.S. Probation and Pretrial Services Office filed a final Presentence Investigation Report ("PSR"). The PSR calculated the offense level as 13 under the Guidelines, based first on a multiple-count increase and then on an acceptance of responsibility decrease. The PSR then calculated the criminal history score as 13 under the Guidelines, which establishes a criminal history category of VI. The PSR therefore calculated Turner's Guidelines range to be 33 to 41 months.

On December 8, 2021, the district court sentenced Turner to 71 months' imprisonment. The district court agreed with the PSR that a multiple-count adjustment applied such that the offense level was 16, not 14 as stipulated to in the plea agreement. This offense level combined with the PSR's recommended criminal history score resulted in a Guidelines range of 46 to 57 months. Additionally, the district court did not lower the offense level for acceptance of responsibility, due to Turner's ongoing criminal activity while awaiting sentencing in the instant case. The district court then went through the 18 U.S.C. § 3553(a) factors, and ultimately increased Turner's offense level to 18, which corresponds to a Guidelines range of 57 to 71 months, and sentenced Turner at the top of the range.

Turner objected to the sentence length. He filed a timely appeal arguing that his sentence is procedurally and substantively unreasonable.

## II.  ANALYSIS

"A review for reasonableness has both procedural and substantive components." *United States v. Young*, 847 F.3d 328, 370 (6th Cir. 2017) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). We review the district court's sentencing decision for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *Gall*, 552 U.S. at 51.

## A.  Procedural Reasonableness

"The first requirement of a legitimate criminal sentence is a process-driven one." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

We typically review the lower court's factual findings under clear error review and its legal conclusions de novo. *United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007). However, if a procedural reasonableness claim has not been preserved for appeal, we conduct a plain error review instead. *United States v. Donadeo*, 910 F.3d 886, 893 (6th Cir. 2018). While Turner objected to his sentence, he did not specify that he objected due to lack of notice and the deviation from the PSR, and as such he did not preserve this claim. We therefore review for plain error. *Id.* Plain error requires "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010).

Turner argues that "the facts or issues on which the district court relied to impose a variance came as a surprise and that his . . . presentation to the court was prejudiced by the surprise." *United States v. Coppenger*, 775 F.3d 799, 804 (6th Cir. 2015) (quoting *United States v. Rossi*, 422 F. App'x. 425, 432 (6th Cir. 2011)). He concedes that the district court had previously provided notice that it was considering an upward variance. But he argues this notice was insufficient because (1) it was given when his offense level contemplated was "significantly lower" than what was ultimately found at sentencing, and (2) the PSR had granted Turner a reduction for accepting responsibility, which the district court rejected at sentencing without notice.

We disagree that the facts on which the district court relied came as a "surprise." Indeed, the court more than once provided appropriate notice. First, at the plea colloquy, the court confirmed that Turner understood that the charges to which he was pleading guilty carried statutory maximum sentences of twenty years (for the first three counts) and ten years (for the fourth count). Second, at the August 30 status conference, the district court discussed, in detail, the potential concerns it had that would lead it to impose an upward variance. Specifically, it pointed to two occurrences: Turner's arrest for drug trafficking and possession of ammunition while released on bond, and the issuance of an arrest warrant accusing Turner of assaulting his girlfriend. The district court gave notice of a possible upward variance due to these occurrences and specifically set the sentencing date with enough time for all parties to prepare for the hearing with this potential upward variance in mind.

Turner then argues that the sentence is procedurally unreasonable because the district court rejected the three-level reduction for accepting responsibility for his offense without prior notice. But here, too, Turner had notice—the written plea agreement made clear that the government was only conditionally agreeing to recommend that the reduction should apply and that the ultimate

decision rested with the district court. And the district court provided clear and thorough reasoning for its choice to reject the reduction, including the fact that Turner's continued drug trafficking while released on bond indicates that he did not "withdraw[] from criminal conduct[.]" U.S.S.G. § 3E1.1 cmt. 1(B).

The district court correctly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) factors, and fully explained its chosen sentence. *See United States v. Barahona–Montenegro*, 565 F.3d 980, 984–85 (6th Cir. 2009); *United States v. Ferguson*, 518 F. App'x 458, 467 (6th Cir. 2013). There was thus no plain error, and the sentence is procedurally reasonable. *See Wallace*, 597 F.3d at 802.

**B. Substantive Reasonableness**

Next, a claim that a sentence is substantively unreasonable is a claim that the court did not properly weigh the § 3553(a) factors. *Rayyan*, 885 F.3d at 442. "A sentence is substantively reasonable if it is proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Solano-Rosales*, 781 F.3d 345, 356 (6th Cir. 2015) (internal quotation marks and citations omitted). In reviewing the sentence, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Peugh v. United States*, 569 U.S. 530, 537 (2013) (quoting *Gall*, 552 U.S. at 51). We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Our review for substantive reasonableness is "highly deferential" and "a matter of reasoned discretion, not math." *Rayyan*,

885 F.3d at 442. And we do not apply a presumption of unreasonableness simply because the sentence is outside the Guidelines range. *Gall*, 552 U.S. at 51.

Turner argues that his sentence is substantively unreasonable because the court focused solely on his criminal record, which was already incorporated into the Guidelines-recommended sentence, while failing to consider mitigating factors such as his caretaking responsibilities for his children and father-in-law, and his drug addiction. We disagree.

As a preliminary matter, "our case law permits a sentencing court to consider a defendant's criminal history in its analysis of the 18 U.S.C. § 3553(a) factors, even when the defendant's guidelines range already reflects it." *United States v. Lee*, 974 F.3d 670, 677 (6th Cir. 2020). Regardless, the district court did not exclusively rely on his criminal history. Rather, it looked to Turner's criminal history as evidence that Turner was not deterred by the criminal justice system's involvement, did not understand the seriousness of his actions, and represented a threat to the community, which indicated the need for a longer sentence. The court further noted that Turner's 17 adult convictions and his failure to take full accountability for his actions in the case involving the assault of his girlfriend also supported the need for a longer sentence. All this together—the lack of accountability, lack of deterrence, and danger to the community—led the district court to impose the upward variance.

The district court did then weigh the other § 3553(a) factors as required under the law. It acknowledged Turner's role in his family's life, and that Turner uses drugs. But in weighing these facts, the district court decided that the need for just punishment, deterrence, and protection of the public outweighed the mitigating factors Turner presented. *See* 18 U.S.C. § 3553(a). Under the abuse-of-discretion standard, it is not for us to re-weigh the factors, but instead review whether the district court's decision was reasoned. *See Rayyan*, 885 F.3d at 442. We find it was.

Lastly, Turner argues that the sentence is unreasonable because it is consecutive and not concurrent to the time imposed for his state drug trafficking and attempted felonious assault charges. District courts have discretion to impose a consecutive or concurrent sentence if a defendant is serving an undischarged prior sentence, and in determining which to impose they must consider the factors listed in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584; *United States v. Johnson*, 553 F.3d 990, 997 (6th Cir. 2009). A district court does not abuse its discretion when it "makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense[.]" *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998). "[T]he record on appeal should show that the district court turned its attention to § 5G1.3[] and the relevant commentary in its determination of whether to impose a concurrent or consecutive sentence." *United States v. Covert*, 117 F.3d 940, 945 (6th Cir. 1997).

Turner argues that the consecutive sentences are unreasonable because under the Guidelines, a sentence should run concurrently if the other offense is "relevant conduct to the instant offense of conviction under the provision of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3[.]" U.S.S.G. § 5G1.3(b). But the state court convictions are not relevant conduct to the instant offense. While they are similar crimes in that they both involve drug trafficking, the two offenses were not undertaken as part of a criminal scheme, *see* U.S.S.G. § 1B1.3(a)(1), nor did the two convictions involve the same common scheme or plan, as each jurisdiction punished different instances of drug trafficking, *see* U.S.S.G. § 1B1.3(a)(2).

The district court simply had to consider the § 3553(a) factors, the type and length of the undischarged sentence, the time served on the earlier sentence, the jurisdiction that imposed the sentence, and "any other circumstance relevant to the determination of an appropriate sentence for

the instant offense." U.S.S.G. § 5G1.3 cmt. 4(A). Here, the district court had previously explained that the upward variance was necessary based on Turner's history, and now added that it did not want to "reward him for violating the law while . . . on bond." (Sentencing Tr., R. 67, PageID 448.) The district court made "generally clear" its rationale in imposing the sentences, and so under our deferential standard we cannot disturb its judgment. *Johnson*, 553 F.3d at 998 (quoting *Owens*, 159 F.3d at 230). The district court did not abuse its discretion with either the upward variance or the consecutive nature of the sentence, and so it is substantively reasonable.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's sentence.